EAST RIVER GAS-LIGHT COMPANY, Appellant, *v.* MICHAEL DONNELLY et al., Respondents.

A public officer is not responsible in a civil action for a judicial determination, however erroneous, or however malicious the motive which produced it.

Plaintiff's complaint alleged in substance that by the charter of Long Island City (Chap. 461, Laws of 1871), it is required that all work to be done or supplies to be furnished for the corporation, involving an expenditure exceeding $100, shall be by contract let "to the lowest responsible bidder giving adequate security;" that notice was duly published calling for proposals for lighting the streets of that city; that plaintiff was the lowest responsible bidder, and tendered, and was ready to give, adequate security; but that defendants, composing the common council, although knowing these facts, refused to award the contract to plaintiff, and let it to another and higher bidder. Plaintiff asked to recover, as damages, the profits it would have made had the contract been let to it. *Held,* that a

demurrer to the complaint was properly sustained ; that the duty imposed upon defendants was judicial in its character; also that the duty was public, not to the plaintiff, or for the benefit of individuals, and for its violation the statute gave no action to plaintiff.

*Adsit* v. *Brady* (4 Hill, 630) and *Robinson* v. *Chamberlain* (34 N. Y. 389), distinguished.

(Argued October 8, 1883 ; decided October 23, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made the second Monday of September, 1881, which affirmed a judgment in favor of defendants, entered upon an order sustaining a demurrer to plaintiff's complaint. Reported below, 25 Hun, 614.)

Said complaint alleged among other things, that by the charter of Long Island City (Chap. 461, Laws of 1871), it is provided that "all work to be done, or supplies to be furnished for the corporation, involving an expenditure of more than $100, shall be by contract founded on sealed bids, or on proposals made in compliance with public notice  *  *  *  and all such contracts when given shall be given to the lowest responsible bidder giving adequate security; " that, in accordance with the provisions of the charter, a notice was published calling for sealed proposals for lighting the streets of said city for one or more years. That plaintiff and various other corporations and individuals named, submitted sealed proposals in compliance with said notice. " That plaintiff was the lowest responsible bidder  *  *  *  and tendered and offered and was ready to give adequate security," which fact was well known to defendants, but that they, at a regular meeting, rejected his bid, and by resolution gave the contract to another bidder at a considerably higher price. That in case defendants had performed their duty, and awarded the contract to said plaintiff, it could have made a profit of $7,000 per annum, for which sum it asked judgment.

Defendants demurred on the ground that the complaint did not state a cause of action.

*Homer A. Nelson* for appellant. The willful and corrupt

action of the defendants entitles the plaintiff to maintain an action against them for the damages which were the direct result thereof to plaintiff. (*People, ex rel. Francis, v. Common Council*, 78 N. Y. 41; *Robinson v. Chamberlain*, 34 id. 389; *Adsit v. Brady*, 4 Hill, 630 ; *Conners v. Adams*, 13 Hun, 427.)

*J. Ralph Burnett* for respondents. The question of responsibility and the question of adequate security are questions of fact and involve the consideration of evidence, and the action of the contracting board is, in its nature, judicial, and its members are exempt from all responsibility by action. (*People v. Brennan*, 39 Barb. 651; *Barhyte v. Sheppard*, 35 N. Y. 238–274 ; *People, ex rel. Francis, v. Common Council*, 78 id. 41.) If the powers of the contracting board when acting upon bids for work or supplies are discretionary, then they are in their nature judicial. ( *Wilson v. Mayor, etc.*, 1 Denio, 599 ; 23 Am. Rep. 562–3 ; *Weaver v. Devendorf*, 3 Denio, 317.)

DANFORTH, J. Upon this appeal it must be assumed that the plaintiff was the lowest responsible bidder for lighting the street lamps of Long Island City, and that it tendered and was ready to give adequate security for the performance on its part of the contract, that these things were well known to the defendants, but they nevertheless awarded the contract to another party, and, therefore, the plaintiff failed to receive profits which would have accrued had its bid been accepted. But, notwithstanding this apparent vantage ground of the plaintiff, we are of opinion that it has established no exception to the well-settled rule of law that no public officer is responsible in a civil suit for a judicial determination, however erroneous or wrong it may be, or however malicious even the motive which produced it. The principle upon which the rule rests was applied by the late Supreme Court in the case of *Weaver v. Devendorf* (3 Denio, 117), and sustained by a great array of authorities, to which many later ones might be added, but none to the contrary. It is not denied that the law is well stated in that case, but the learned counsel for the appellant

denies its application to the facts before us.    He is led to this by the assumption that the duty of the defendants was ministerial only and not judicial.    The Supreme Court has put its decision upon a contrary holding.    What ministerial act required by law have the defendants failed to perform?    The service, for which the plaintiff competed, involved more than $100, and, therefore, by statute (Laws of 1871, chap. 461, § 29), was required to be provided for by contract founded on sealed bids or proposals made in compliance with public notice, and awarded " to the lowest responsible bidder giving adequate security."

It appears by the complaint that the notice required by statute was given, and in addition to the proposal sent in by the plaintiff, others were submitted by different parties for lighting the whole or different parts of the city with kerosene, gasoline, or gas, and for varying times, one, two, or three years.    It was the duty of the defendants to choose between these illuminating substances ; to determine the responsibility of the bidders, the sufficiency of the security offered, the greater or less economy and desirableness of the several means of lighting, and this could only be done after comparing the bids and the advantages of the methods proposed.    As to all these things there must first be investigation and inquiry, then discretion, and afterward determination or judgment.    Then comes the only ministerial duty, that of delivering or executing the contract.    In this case it follows the determination, and it is of that the plaintiff complains.

We agree with the General Term that a cause of action is not made out.    If the defendants had found and decided, after such process of investigation and comparison as they thought necessary to make, that the plaintiff was in fact the bidder who answered the call of the statute, and after that determination, had refused to enter into the contract, a case would have been presented over which a court, even in favor of a private suitor, might perhaps have cognizance.    The question is not before us.    But here the plaintiff goes no farther than to say that the defendants, knowing it was the lowest bidder and

ready to comply with the statutory conditions, refused "to award" the contract to it — that is, to adjudge in its favor. The argument of the plaintiff comes to this : If the defendants had judged or determined correctly, or even honestly according to their knowledge, the contract would have been awarded to it. But as in coming to any conclusion, even ascertaining whether the plaintiff was the lowest bidder, they must act in a *quasi* judicial capacity, their conduct comes within the general rule of irresponsibility to which I have adverted. Moreover the statute merely provides a scheme for the prudent administration of the affairs of the city, and has imposed a duty upon the defendants to carry it out. This duty appears, from the plaintiff's showing, to have been violated. But the duty is a public duty to the city or people at large, not to the plaintiff or for the benefit of individuals, or the promotion of any private interest, nor has the statute given to the plaintiff or any person an action for its violation. *People, ex rel. Francis,* v. *Common Council of Troy* (78 N. Y. 33 ; 34 Am. Rep. 500), while it denied the relief sought by the plaintiff, suggested no exception to the general rule. The other cases cited by the appellant from *Adsit* v. *Brady* (4 Hill, 630), to *Robinson* v. *Chamberlain* (34 N. Y. 389), were all cases where, by the act or the omission of duties with the performance of which the defendant was charged, an injury had happened to the plaintiff as from defective lock-gates (*Robinson* v. *Chamberlain*), or a sunken canal boat (*Adsit* v. *Brady*), or an unsafe building. In these cases the act of the party sued caused injury to the person or estate of the plaintiff, and so was brought under the general rule which renders liable in damages a public officer who, by acting or omitting to act according to his duty, causes direct and not merely consequential injury to an individual. Nothing of that kind has happened here.

The judgment should be affirmed.

All concur.

Judgment affirmed.