PEOPLE *ex rel.* COUGHLIN *v.* GLEASON, Mayor.

(*Supreme Court, General Term, Second Department.* February 11, 1889.)

MUNICIPAL CORPORATIONS—LETTING CONTRACTS—LOWEST BIDDER.

> The charter of Long Island City (Laws N. Y. 1871, c. 461, § 29) provides that all work to be done for the city, costing more than $100, shall be let to the lowest responsible bidder giving adequate security. The council voted a contract to relator, who was not the lowest bidder, and the mayor vetoed the resolution. The council passed the resolution over his veto, and relator did the work, and the council voted that payment be made according to the contract, but the mayor refused to sign the warrant. *Held,* that the question as to who was the lowest responsible bidder was a *quasi* judicial one, which was not subject to review by the court after it was once passed on by the council, and that it was the duty of the mayor, after the council had audited and allowed the claim, to sign the warrant.

Appeal from special term, Queens county.

Application by Michael Coughlin for a *mandamus* to Patrick J. Gleason, mayor of Long Island City, to sign a warrant for payment for work done under contract with the city. *Mandamus* granted, and defendant appeals.

Argued before BARNARD, P. J., and PRATT, J.

*W. J. Foster*, for appellant. *A. T. Payne*, for respondent.

BARNARD, P. J. That part of the charter of Long Island City which is important in the consideration of the question presented is in these words: "All work to be done, and all supplies to be furnished, for the corporation, inviting an expenditure of more than one hundred dollars, shall be by contract founded on sealed bids, or on proposals made in compliance with public notice for the full term of ten days; and all such contracts, when given, shall be given to the lowest responsible bidder giving adequate security." Chapter 461, Laws 1871, § 29, tit. 11. For the work in question due public notice was given inviting bids for cleaning the streets in the First ward of the city. There were five bids, and the relator was not the lowest bidder, and three out of the five bids received were lower than his. The common council voted the contract to relator. The mayor refused his assent, and the aldermen unanimously voted to give the contract to relator, notwithstanding the non-concurrence of the mayor. The contract was begun, and the relator did the work under it for one month. The contract called for monthly payments. The aldermen voted payment, and the mayor refused to sign the warrant. The determination as to who was the lowest responsible bidder giving adequate security is a *quasi* judicial one, and, after a determination is reached, it is not the subject of review in the courts. *Gas Co.* v. *Donnelly*, 93 N. Y. 557. The contract was awarded on June 22, 1888, and the resolution was vetoed July 2, 1888, and on July 31, 1888, the resolution was passed over the veto. The charter requires that the vote on the veto shall be at the next regular meeting. The papers did not show any regular meeting before the presentation of the veto and the meeting at which the vote was taken. The auditing of a bill is one of the duties of the common council. Chapter 461, Laws 1871, tit. 3, c. 1, §§ 11, 12. No question is made but that the work was done, and the bill properly audited. It is therefore the duty of the mayor to sign the warrant. The order should therefore be affirmed, with costs and disbursements.