### MORAN *v.* VILLAGE OF WHITE PLAINS *et al.*

*(Supreme Court, General Term, Second Department.   December 10, 1890.)*

MUNICIPAL CORPORATIONS—CONTRACTS—BIDS.

A statute authorizing trustees of a village to establish a system of sewerage directed them to let the contract for the work "to the lowest responsible bidder." The lowest bid was by G., and the next higher, for $1,600 more, by M., the difference being little more than 1 per cent. of the total; but for house connections, included in the specifications, without any estimate of quantity, G.'s bid was 80 cents, and M.'s 35 cents, per foot.   The trustees rejected G.'s bid and accepted that of M., and, being advised that they had no power to construct house connections, contracted with M. to do the other work for the village on his bid, and also make house connections for individuals at the price bid by him.   *Held*, that the contract was properly awarded to M., even if the house connections were regarded as not included therein; and that the trustees should not be restrained, at the suit of a tax-payer, from constructing the sewers otherwise than by accepting the bid of G.

Appeal from special term, Westchester county.

Action by James H. Moran against the village of White Plains and John O. Merritt. Laws N. Y. 1887, c. 609, which authorized and empowered the board of trustees of that village to establish a permanent system of sewerage and drainage in and for the village, by section 5 provided that all work to be done, and materials to be furnished, "in the construction of sewers herein provided for, shall be performed and furnished by contract, and said board shall prepare the necessary plans and specifications, and advertise for proposals for such work and materials, and let such contract to the lowest responsible bidder." Such plans and specifications were prepared, and proposals advertised for. Several bids were received, the lowest of which was that of Otto H. Georgi, for $158,078.30, and the next lowest that of John O. Merritt, for $159,690.03. The amounts of the bids were based on estimates of the quantities of materials contained in the blanks for proposals; but an item of house-sewer connections was included therein without any estimate of quantity, and for that Georgi's bid was 80 cents per foot, and Merritt's bid was 35 cents per foot. No mention of house-sewer connections was made in the statute, and the counsel of the board advised them that they had no power to construct such connections. They rejected the bid of Georgi, and entered into a contract with Merritt to do the work, other than the house connections, for the village, on his bid, and to make house connections for individuals at 35 cents per foot, the price bid by him. Plaintiff brought suit as a tax-payer of the village to restrain the trustees and Merritt from proceeding with the work, "other than through an acceptance of the bid of said Otto F. Georgi." From a judgment for defendants on trial by the court without a jury, plaintiff appeals.

Argued before BARNARD, P. J., and PRATT, J.

*Edgar A. Turrell*, for appellant. *H. T. Dykman*, for the board of trustees, respondents. *Wilson Brown, Jr.*, for John O. Merritt, respondent.

PRATT, J. The idea of a sewer in a city or village implies its use for the purpose of a drain for the houses, and it is more convenient, a great saving of expense, and avoids the tearing up of the streets if the connections are made at the time the sewers are built. If the bid in this case is made to include the house connections, then the bid of the defendant Merritt was much the lowest. We think it was a part of the bid and contract, and that the contract was properly awarded to him. The fact that the individual owners of the houses to which the connections were to be made were obliged to pay the expense of such connections was immaterial. The trustees were acting for the people, and it was their duty to weigh all the circumstances, and render such a judgment as would best carry out their trust. The specifications included the house connections, and there can be but little doubt but that upon the face of the bids Merritt was the lowest bidder; but if the house connections are not to be regarded as included in the contract, the trustees had the right to award the contract to Merritt as being the lowest responsible bidder. It is beyond question that the trustees acted in good faith, and for the best interest of the people whose agents they were, and it is therefore a mere question of power under the statute that is challenged by the plaintiff. The difference between the bids was small, and the trustees were called upon to exercise their judgment as to which was the lowest responsible bidder in view of all the circumstances. As was stated in the case of *People* v. *Dorsheimer*, 55 How. Pr. 118: "Efficiency and promptness in doing any work must depend largely upon the man who does it, having reference to his ability, integrity, and responsibility. The board was authorized to discriminate between the bidders. So long as there has been no abuse of discretion, but only honest action to carry out the legislative will, the court will not interfere." The bid of Georgi was well calculated to excite a suspicion of bad faith, and cause the trustees to hesitate and seek the advice of their counsel

and engineers, and it was only after such careful investigations the decision was made. Such a determination is *quasi* judicial, and not the subject of review in the courts. *People* v. *Gleason*, 4 N. Y. Supp. 383. It must be borne in mind that this action is in the nature of one of waste; and, unless a gross abuse of power is shown, the action of the board must stand. It was the duty of the board of trustees not only to take measures for building the sewer, as required by the act, but to use reasonable care to protect individual owners of the buildings to be connected with the sewer. It was not reasonable, in order to save the small sum of $1,600 upon the main contract, to permit the owners of buildings along the sewer to be robbed by having to pay prices more than double their value for house connections. There is no merit in this action, and the judgment must be affirmed, with costs.