“McAdam, J.
The defendant advertised in writing for bids for regulating, grading, flagging, curbing and guttering the first new avenue west of the Eighth, between One Hundred and Forty-fourth and One hundred and Fifty-fifth streets, and requiring that each ‘bid be accompanied by a certified check in a sum not less than five per centum of the amount of the bond required, Avkich was $20,000. The plaintiff was the loAvest bidder, and the commissioner of public works transmitted the bid, bond and check to the comptroller for the purpose of having the sufficiency of the sureties determined. The defendant alleges that the plaintiff was apprised of the fact that he was the loAvest bidder, and that such apprisal was the award of the contract to him ; that the sureties furnished Avere examined by the comptroller, found not to be satisfactory and Avere rejected, and that the plaintiff neglected to present other sureties, whereupon the work was re-advertised and let at a higher price than the original bid of the plaintiff, whereby, and in consequence thereof, the deposit of $1,000 was forfeited by force of the provisions of section 65 of the Consolidation Act of 1882. Whether there was such a forfeiture is the question to be determined.
“ The award contemplated is more than an apprisal that the plaintiff is the lowest bidder; it is a quasi-judicial act, formal in its character, involving a determination by the officials of Ml the facts in the nature of conditions precedent. East River G. L. Co. v. Donnelly, 25 Hun, 614; aff’d 93 N. Y., 557; People v. Gleason, 121 N. Y., 631.
*50 “ The act (Laws of 1882, chap. 410, § 64) provides: That if the lowest bidder shall neglect or refuse to accept the contract within five days after written notice that the same has been awarded to him, or if he accepts but does not execute the contract and give the proper security, the work shall be re-advertised and re-let. The five days’ written notice required by this section was not given. Section 65 provides that if the lowest bidder shall refuse or neglect, within five days after due notice that the contract has been awarded to him to execute the same, the amount of deposit made by him shall be forfeited to and retained by the city, as liquidated damages for such neglect or refusal, and shall be paid into the sinking fund of the city; but if the lowest bidder shall execute the contract within the time aforesaid, the amount of his deposit shall be returned to him.
The due notice referred to in this section is the written notice referred to in the preceding section.
" The sections referred to constitute a revision of the act of 1881 (chap. 147), designed to protect the city from loss that might occur by the refusal of the lowest bidder to execute the contract, in the manner and form required by law, after the award thereof by the corporate authorities.
" The section creating the forfeiture is penal in its nature, and is to be strictly interpreted.
“ Forfeitures are not favored, and courts adhere to the precise words of the conditions to prevent a forfeiture.
“ The plaintiff submitted his bid in good faith, and earned all the consideration the nature of the transaction entitled him to receive. If the bid offered did not meet legal requirements, it might have been disregarded and the contract awarded to the next bidder whose bid satisfied the law. If this had been done the plaintiff would have been entitled to the return of his deposit, for he was not the lowest bidder in legal contemplation.
*51 “ If the plaintiff’s bid was the lowest and met legal requirements, then it became the duty of the defendant’s agents to formally award the contract to the plaintiff, and give him the five days’ written notice of such award. If the sureties were not satisfactory to the comptroller, he should have notified, the plaintiff, and afforded him a reasonable opportunity of furnishing others.
“ It was not intended to enforce forfeiture under the section cited, except where it became necessary to protect the interests of the city.
“ There should be no loss to the plaintiff without a reasonable possibility of whatever gains the contract might have afforded. The defendant could acquire title to the plaintiff’s money only by a literal compliance with all the requirements of the statute necessary to produce such a result.
“ The determination of the questions left to the decision of the authorities must not be arbitrary or capricious, but judicial in its character and fair.
“ The plaintiff was not notified of the rejection of his sureties, and was not afforded an opportunity of furnishing others, so that the plaintiff has not been put in default, nor has the defendant by forfeiture or otherwise become the owner of the plaintiff’s deposit. It has been duly demanded, and the plaintiff is entitled to its return with interest from the time of such demand. These views do not conflict with those expressed in Moore v. Loew. Ms. opinion, Com. Pleas., Dec. 11, 1886; affirmed by general term and by the Court of Appeals, without opinion, 105 N. Y., 666. In that case the contract was legally awarded to Moore, and after his sureties were rejected he refused to furnish others in their place. There was a clear forfeiture of the deposit in that case. Not so here. The material facts are admitted and there is no issue for the trial term.
Richard J. Morrison, attorney and of counsel, for respondent.
William Clark, counsel to the corporation, and Charles Blandy of counsel, for appellant.
“ It follows that the plaintiff is entitled to judgment for $1,000, the amount of the deposit with interest as aforesaid, and the motion therefor must be granted, with costs.”
By the Court.—Dugro, J.
The judgment and order appealed from are affirmed upon the opinion of the learned judge below.
Sedgwick, Ch. J., and Freedman, J., concurred.