NUTTALL v. SIMIS et al.

(Supreme Court, Trial Term, Kings County. December 6, 1897.)

1. ARMY VETERANS—SALARIED POSITIONS.
　　A mechanic who works for wages at a stipulated price per day does not receive "a salary," within Laws 1888, c. 119 (Amended Laws 1892, c. 577), providing that army veterans who hold "a position by appointment in any city or county of this state receiving a salary from said city or county," shall be discharged only for cause shown after hearing.

2. RES JUDICATA.
　　A judgment in a mandamus proceeding against a corporate board, compelling them to restore a discharged workman to his employment, on the ground that the discharge was in violation of law, is not res judicata in an action of tort by the workman against the members of the board individually for damages for his dismissal.

3. QUASI JUDICIAL ACTS—RESPONSIBILITY FOR MISFEASANCE.
　　The decision of commissioners of charities that an employé does not come within the provisions of Laws 1888, c. 119 (Amended Laws 1892, c. 577),

prohibiting the dismissal of army veterans from salaried positions, is a quasi judicial determination, for which they cannot be held responsible in damages, even though intentionally and maliciously guilty of misfeasance therein.

Action by William Nuttall against Adolph Simis and others for damages for dismissal from employment. The complaint was dismissed, and plaintiff moves for a new trial. Motion denied.

Motion for a new trial, the complaint having been dismissed as not stating facts sufficient to constitute a cause of action. It alleged that the plaintiff was appointed as a tinsmith by the Board of Commissioners of Charities and Corrections of Kings County, a corporate board composed of defendants as commissioners, at the compensation of $2.75 a day; that there was permanent need for the employment of a tinsmith under the said board; that the plaintiff was an honorably discharged soldier of the late war of the Rebellion, and therefore irremovable from such employment except for cause after a hearing; that the defendants removed him without cause or hearing on January 13, 1894, and employed others in his stead; that he was restored to his place on April 10, 1896, by a peremptory writ of mandamus against the said board, issued upon a final order entered after trial of issues raised by a return to an alternative writ which he had obtained. Damages for such removal are prayed for.

Horace Graves, for plaintiff.
John A. Quintard, for defendants.

GAYNOR, J. By chapter 119 of the Laws of 1888, as amended by chapter 577 of the Laws of 1892, no honorably discharged soldier, sailor or marine, who "served as such in the Union army or navy during the war of the Rebellion, or the Mexican war, and who shall not have served in the Confederate army or navy," who holds "a position by appointment in any city or county of this state, receiving a salary from such city or county," shall be removed except for cause shown after a hearing had. This in so many words relates only to salaried positions, and it has twice been held not to apply to persons employed by the day for wages. Meyers v. City of New York, 69 Hun, 291, 23 N. Y. Supp. 484; Wagner v. Collis, 7 App. Div. 203, 40 N. Y. Supp. 171. If the adjudication in the mandamus proceeding against the corporate board, by which the plaintiff was restored to his place, necessarily embraced this question, nevertheless it is not binding in this action of tort against these commissioners individually. But in addition to such interpretation of the statute, I had in mind in dismissing the complaint other legal principles which seemed applicable. The dismissal of the plaintiff by the defendants involved a determination by them of the question of law whether his case came under this statute, granting that he was a veteran of the kind described and limited therein; and also of the question of fact whether he was such a veteran. The duty of so determining was quasi judicial, and for its performance the defendants cannot be held responsible in damages, even though they were intentionally, or even maliciously, guilty of misfeasance therein. Weaver v. Devendorf, 3 Denio, 121. Quasi judicial functions lie between those which are judicial and those which are ministerial, and the boundary lines between those different zones are sometimes indistinct. But they seem to me visible enough here. Even in the case of bids for contracts, "ascertaining whether plaintiff was the lowest bidder," without regard to whether he is a responsible bidder,

is said to be quasi judicial (Gas-Light Co. v. Donnelly, 93 N. Y. 557), and the same is the case with assessors in assessing persons or property exempt from taxation, providing they are not without jurisdiction to act in the premises at all (Vail v. Owen, 19 Barb. 22; Brown v. Smith, 24 Barb. 419; Bell v. Pierce, 48 Barb. 51; Id., 51 N. Y. 12; Barhyte v. Shepherd, 35 N. Y. 238; Parish v. Golden, Id. 462; Throop, Pub. Off. §§ 541, 738).

Without so deciding, I suggest another rule which may stand in the plaintiff's way. It is true that since the conflict between the cases of Adsit v. Brady, 4 Hill, 630, and Garlinghouse v. Jacobs, 29 N. Y. 297, was settled, the law has been that a public officer is liable in damages for any injury caused directly by his nonfeasance or misfeasance alike, to an individual in his person or property (Hover v. Barkhoof, 44 N. Y. 113; Bennett v. Whitney, 94 N. Y. 302; Bryant v. Town or Randolph, 133 N. Y. 70, 30 N. E. 657); but such liability seems to be confined to direct injury to "person or estate" caused by the tort (Gas-Light Co. v. Donnelly, 93 N. Y. 561). It is doubtful if this case comes under that head. Was the plaintiff damaged in his estate by the tort alleged? He lost his place by it; but he had no contract for the place, nor is this an action for breach of contract. An official who refuses to give the advertising matter of his office to a newspaper which is entitled to have it by statute, and to be paid for publishing it (or who, on the same principle, takes it away from such newspaper), and wrongfully gives it to another newspaper instead, is not liable to an action for damages therefor. Strong v. Campbell, 11 Barb. 135; People v. Common Council of City of Troy, 78 N. Y. 33. Why does not the same principle apply in the case of a refusal to employ or of a dismissal by a public officer of one entitled to preference of employment under him in the public service?

The motion for a new trial is denied.