David Segal, Plaintiff, *v.* Diana A. Jackson, Individually and as Administratrix of the Estate of Henry H. Jackson, Deceased, et al., Defendants.

Supreme Court, Special Term, New York County, May 31, 1944.

*Jacob A. Segal* for plaintiff.

*Ralph S. Kent* for defendants.

EDER, J.   Motion to dismiss counterclaim as failing to state facts sufficient to constitute a cause of action is granted.

The plaintiff was appointed in a certain accounting action referee to hear and determine; he required a transcript of the stenographer's minutes which was furnished to him by the defendants who also ordered a copy for their own use; the cost to them was $431.   Plaintiff sues to recover his fees as such referee; the defendants contest and have interposed a counterclaim to recover said sum of $431.

The theory upon which the counterclaim is predicated is that implicit in the plaintiff's acceptance of his appointment as referee was the obligation on his part to hear all the evidence which the defendants might offer; that during the course of the hearings plaintiff stated that he was without power to hear and determine certain points which were raised by the accounting party until the said accountant first procured the opening of the default judgment by which he, plaintiff, was appointed referee to hear and determine; that the defendants were ready and willing to proceed before plaintiff, as referee, but that he declined to proceed.   That a motion was made to open such default and denied and that defendants again requested that plaintiff proceed but that such request was refused.

The defendants contend plaintiff breached the implied contract on his part, which they claim was implicit in the acceptance by him of his appointment, when he refused to permit them to make the proof and points they desired; that as a consequence the minutes were rendered useless and that the minutes were ordered and paid for by them in the belief that the plaintiff, as referee, would receive all evidence and points made by the accountant and as he refused to do so he is therefore liable to the defendants for the cost of the minutes.   To sustain the counterclaim the defendants advance the following argument: " The referee having accepted the appointment and having held numerous hearings, he was estopped thereafter from claiming that he had no authority to proceed with the hearings

or to decide all of the issues of fact or law raised before him. His breach of the agreement to discharge the duties of the referee and determine those issues of fact and law was a voluntary breach intentionally made and not forced upon him by anything that these answering defendants did or agreed to. The referee had employed the stenographer and had directed these answering defendants to pay the fees and he knew that if he refused to go forward with the work which he had accepted to perform, such fees would be a complete loss to these answering defendants.''

The argument is novel and unique, to say the least. It is quite apparent that the defendants misconceive the office, function and duty of a referee. A referee is an officer exercising judicial powers (*Matter of Hathaway*, 71 N. Y. 238, 243); he is an arm of the court, for a specific purpose, exercising judicial powers and authority. The only contractual element that results from his acceptance of the office, insofar as the parties litigant are concerned, is that relating to his compensation and expenses; when no provision therefor is made by statute the law imposes an implied promise to pay upon those who receive his services and facilities. (*Bottome* v. *Neely*, 54 Misc. 258, affd. 124 App. Div. 600, affd. 194 N. Y. 575; *Nealis* v. *Meyer*, 21 Misc. 344; *Keeler* v. *Bell*, 48 Misc. 427.)

Aside from that the referee is to decide, according to his best judgment, upon such matters as are brought before him; his duty is to faithfully discharge his office; his oath is that he will '' faithfully, honestly and impartially discharge the trust committed to him '' (Civ. Prac. Act, § 126). Being a judicial officer, and functioning as one, '' The power of a referee in respect to the ordinary incidents of a trial are the same as the court '' (*Rathbun* v. *Ingersoll*, 2 Jones & Sp. 211, 213); the trial before a referee must be conducted in like manner as when the trial is before the court (Boyce on Referees and Aribitrators, § 37); the rules of evidence are the same before referees as before the trial court; improper evidence need not be heard; he is under no duty or obligation to accede to the assertions or contentions of the parties or their attorneys if he entertains a contrary view, precisely as a judge may do so; the referee is entitled to exercise a judicial discretion as to the evidence to be admitted; and he is not compelled to admit all the evidence which may be tendered (53 C. J., References, § 127.).

From the foregoing it is perfectly clear that the referee functions as a judicial officer, he acts solely by virtue of his

office and by virtue thereof he is under a public duty and obligation to decide fairly, honestly and impartially and according to his best judgment, all matters brought before him; such is the precise public duty and obligation of a judge.

It is a " well-settled rule of law that no public officer is responsible in a civil suit for a judicial determination, however erroneous or wrong it may be " (*East River Gas-Light Co.* v. *Donnelly et al.*, 93 N. Y. 557, 559, affg. 25 Hun 614; see, also, 33 C. J., Judges, § 115).

If in the trial of a cause a judge requests a transcript of the stenographer's minutes as an aid, and during the course of the trial, or after its conclusion, determines that certain evidence tendered and received, is inadmissible, and thereupon excludes it, or decides that certain claims, contentions or issues are barred, the party furnishing the minutes in the belief that they would aid his position has no cause of action against the judge for reimbursement because such ruling has resulted in rendering the minutes useless to him; this is so, too, even where the refusal to receive the proof was held to be an erroneous ruling (33 C. J., Judges, § 115). No instance has been cited where the cost of procurement has been held assessable against the judge.

The plaintiff, in holding that he lacked the power to hear the accountant on the matters sought to be presented to him, was functioning in a judicial capacity, and however wrong his ruling might be, he is immune from civil liability though the ruling has resulted in injury and damage (cases, *supra*).

I perceive of no theory upon which it can be successfully contended that liability can be fastened on the plaintiff; the counterclaim assailed is not maintainable as a cause of action, and, accordingly, it is dismissed. Settle order.