Arnold Gr. Fraiman, J.
This is a motion by defendant Brokaw to dismiss the complaint as to him on the ground that it fails to state a cause of action. Plaintiff in this action seeks to recover damages allegedly resulting from the purchase by its assignor of some 25 apple futures contracts. The defendants are brokers who participated in the sale of apple futures to plaintiff’s assignor," the mercantile exchange where the futures were .traded, the operators of cold storage warehouses where the apples were stored, the owners of the apples, and the movant herein, who was an agricultural inspector employed by the New York State Department of Agriculture and Markets. The rather prolix complaint contains three causes of action which sound in breach of contract, negligence and fraud, all arising out of the .same transactions. The gravamen of the complaint is that defendants caused plaintiff’s assignor to purchase defective and inferior apples. Insofar as .the movant is concerned, it is alleged in the first cause of action and repeated in the second and third causes that he executed false inspection certificates and did not properly supervise the inspection of the apples. In the third cause of action it is further alleged .that this was done knowingly and with intent to deceive plaintiff’s assignor.
*473 The basis for defendant’s motion is 'that as a government official occupying a position whose duties require the exercise of discretion or are of1 a quasi-judicial nature, he is immune from any liability for his official actions. This is a correct statement of the law in New York. (Gross v. State of New York, 33 A D 2d 868; Bernkrant v. State of New York, 26 A D 2d 964; Rottkamp v. Young, 21A D 2d 373, affd. 15 N Y 2d 831.) In the latter case the court (21 A D 2d 373, 375, supra) set forth the rule as follows: “ a distinction is drawn between a ministerial or nondiseretionary act from which liability ensues if done wrongfully, and a judicial or discretionary act for which the public officer is immune from liability even if the act is wrongful [citing treatises].”
Plaintiff makes a two-pronged argument in opposition to the motion. First, it argues that the issuance of inspection certificates was a ministerial task and not a discretionary act. However, it overlooks the fact that the issuance of the certificate is not an automatic function but occurs only after an inspection of the apples in question has been had and a determination made that they meet United States grade for apples (affidavit of Kenneth L. Scheer in support of motion). This would clearly involve the exercise of discretion and would not be purely ministerial. Plaintiff’s second argument is that the complaint alleges that the acts of defendant were done maliciously and that therefore, even if his duties were discretionary, he enjoys no immunity. In support of this contention, plaintiff relies upon Schwartz v. Heffernan (304 N. Y. 474). In that case the court held that a complaint which alleged that members of the city’s Board of Elections “ arbitrarily, wrongfully and illegally” refused to place plaintiff’s name on a ballot and that plaintiff was damaged thereby, stated a cause of action against the officials. However, although the court found there that the complaint alleged bad faith on the part of defendants, it also found that their duties were ministerial. Hence, it did not reach the question whether immunity would extend to officers performing discretionary functions who acted maliciously or in bad faith. This question was squarely presented in Rottkamp (21 A D 2d 373, supra) decided 13 years later, where the Court of Appeals answered the question in the affirmative. In that case the complaint alleged that the defendant, a building inspector, “ carelessly, negligently, wrongfully, willfully, illegally and arbitrarily ” refused to issue a building permit ,to plaintiffs, as a result of which the plaintiffs suffered damages. In deciding that the complaint failed to state a cause of action as to the *474 inspector, the Appellate Division observed (p. 375): “ In 1883 the Court of Appeals considered the rule to he well settled that ‘ no public officer is responsible in a civil suit for a judicial determination, however erroneous or wrong it may he, or however malicious even the motive which produced it.’ (East River Gas-Light Co. v. Donnelly, 93 N. Y. 557, 559) ”. The Court of Appeals affirmed “ for the reasons stated in the opinion at the Appellate Division ”.
While the extension of immunity to public officials exercising discretiónary functions, even where their acts are performed maliciously or in bad faith, may appear offensive and contrary to the traditions of responsive government to which we are accustomed, the rationale for such a rule, as set forth by the court in Rottkamp, is sound (p. 376): “ In weighing the balance between the effects of oppressive official action and vindictive or retaliatory damage suits against the officer, we think that the public interest in prompt and fearless determinations by the officer, based on his interpretation of the law and the facts before him, must take precedence.”
For the foregoing reasons, the motion to dismiss the complaint as to defendant Brokaw is granted.