SALLY KLEIN et al., Plaintiffs, v JOHN T. GRANT et al., Defendants.

Supreme Court, Rockland County, March 14, 1989

## APPEARANCES OF COUNSEL

*Patterson, Belknap, Webb & Tyler* for defendants. *Morgan Melhuish Monaghan Arvidson Abrutyn & Liskowski* for plaintiffs.

## OPINION OF THE COURT

GEORGE M. BERGERMAN, J.

For purposes of this motion, the following facts are undisputed. Plaintiff, Sally Klein, is a member of the Civil Service Employees Association Inc. and is employed by the County of Rockland. Pursuant to a collective bargaining agreement, the county was required to provide health insurance to employees under the Empire plan, or a comparable plan.

Rockland County provided health insurance coverage as follows: Prior to December 1, 1985, the plan was provided by Blue Cross. From December 1, 1985 through December 31, 1986, the county was self-insured. On December 1, 1986, the

county entered the State-wide plan provided by Metropolitan Life Insurance Co.

In January 1985, plaintiff, Stuart Klein, was a dependent under the health insurance coverage provided to his mother, plaintiff, Sally Klein, as a county employee. He was involved in an accident that left him quadriplegic. Beginning January 1, 1987, Blue Cross, Rockland County and Metropolitan Life have all refused to pay his medical bills.

Plaintiffs commenced this action alleging that defendants, individual elected members of Rockland County government, were negligent in failing to provide certain health insurance benefits. Defendants move to dismiss on several grounds: (1) that defendants, as public officials, are immune from suit for the facts complained of; (2) that plaintiffs have not availed themselves of the exclusive nonjudicial remedies contained in the collective bargaining agreement; (3) the action is barred by the Statute of Limitations; and (4) the third cause of action does not state a claim for which relief can be granted.

Both sides agree that when public officials take discretionary action, they are immune from personal liability, and that immunity is not granted to public officials for ministerial or nondiscretionary acts (*Tango v Tulevech,* 61 NY2d 34; *East Riv. Gas-Light Co. v Donnelly,* 93 NY 557; *Rottkamp v Young,* 21 AD2d 373). However, defendants contend that the acts complained of herein are "discretionary", and that the action should be dismissed while plaintiffs assert that the acts herein were "ministerial" and that the action should not be dismissed.

Discretionary acts "involve the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result." (*Tango v Tulevech, supra,* at 41.) Applying that standard, defendants acted in a discretionary capacity in providing medical benefits. They exercised judgment in determining which, of any number of medical benefits, should be provided to county employees, and in overseeing, supervising and maintaining health insurance for county employees.

Accordingly, defendants' motion to dismiss is granted, as defendants, as public officials, are immune from liability for the discretionary acts complained of, and the balance of the arguments raised in the moving papers need not be decided.