Opinion
ROACH, P. J.
Appellant was convicted by a jury of a violation of section 166, subdivision 2 of the Penal Code, a misdemeanor contempt. He bases his appeal on the construction of that section, arguing that the presiding judicial officer was a commissioner, and Penal Code section 166, subdivision 2 only applies to referees.
*Supp 11 On February 8, 1991, while appearing before a commissioner presiding over the traffic division of the Yolo County Municipal Court to settle a proposed statement on appeal, appellant was arrested for contempt and charged with violating Penal Code section 166, subdivision 1. At trial the charge was amended to Penal Code sections 166, subdivision 2 and 148, resisting arrest. After trial by jury, appellant was acquitted of the charge of resisting arrest and found guilty of contempt, Penal Code section 166, subdivision 2. In instructions to the jury the trial court told the jury that a commissioner and referee were synonymous for purposes of Penal Code section 166, subdivision 2.
Although appellant raises six issues on appeal, we need not decide those issues because the proper construction of Penal Code section 166, subdivision 2 is dispositive.
It is the policy of our state that contempt citations not be taken lightly, especially criminal contempts. An alleged contemnor in this state is entitled to the full panoply of substantive and due process rights in adjudicating even civil contempt. Contempt is a drastic power and should only be used when necessary. (In re Jackson (1985) 170 Cal.App.3d 773 [216 Cal.Rptr. 539].) In reviewing contempt citations the reviewing court must be meticulously careful to observe procedural and substantive safeguards. (Yates v. United States (9th Cir. 1955) 227 F.2d 848.) Judgments of contempt are to be strictly construed in favor of the contemnor and review extends to the entire record. (McCann v. Municipal Court (1990) 221 Cal.App.3d 527, 536 [270 Cal.Rptr. 640]; In re Liu (1969) 273 Cal.App.2d 135 [78 Cal.Rptr. 85].) For all of these reasons, contempts are disfavored and many “fail to survive appellate review. The history of contempt litigation in California is replete with cases rejecting such findings. [Citations.]” (McCann, supra, at p. 537.) Although these cases deal with summary con-tempts, these rules cannot be ignored in cases involving criminal contempt under Penal Code section 166, subdivision 2. Penal Code section 166, subdivision 2 does not give the prosecutor or the bailiff carte blanche to ignore the contempt safeguards developed over the entire history of California law. Further, an attorney must be given some latitude to zealously advocate for his or her client.
All crimes charged must be construed strictly in favor of defendant. (Myers v. Superior Court (1920) 46 Cal.App. 206 [189 P. 109].) A reading of the plain language of Penal Code section 166, subdivision 2 does not indicate that commissioner and referee are synonymous for purposes of a criminal conviction under the statute.
In general, judges should be “long of fuse and somewhat thick of skin.” (DeGeorge v. Superior Court (1974) 40 Cal.App.3d 305, 312 [114 Cal.Rptr. *Supp 12 860].) Counsel must be given substantial freedom in representing their clients, and courts have held that failure of counsel to “sit down’’ when told, counsel slapping the table, and counsel’s repeated request for ruling on objections do not constitute contemptuous behavior. (Matter of Contempt of Greenburg (9th Cir. 1988) 849 F.2d 1251; Gallagher v. Municipal Court (1948) 31 Cal.2d 784, 786 [192 P.2d 905]; Cooper v. Superior Court (1961) 55 Cal.2d 291 [10 Cal.Rptr. 842, 359 P.2d 274] [order to “sit down’’]; Bennett v. Superior Court (1946) 73 Cal.App.2d 203, 225 [166 P.2d 318] [manner, attitude or tone of voice in making proper statements].) In this case, although a jury found appellant guilty, the record indicates it was upon instructions from the trial judge that commissioner and referee were synonymous for purposes of Penal Code section 166, subdivision 2.
The crime of contempt in front of a referee under Penal Code section 166, subdivision 2 does not include commissioner or any other judicial officer. We do not express an opinion whether civil contempt proceedings against appellant would have been timely or appropriate.
On appeal it is acknowledged that municipal court findings of law are not binding on the superior court’s appellate department.
“The issue here is one of statutory construction. Because the evidence is undisputed and the issue raises a question of law, our function is identical to that of the trial court. The trial court’s legal conclusions are not binding on appeal.” (People v. American Bankers Insurance Company (1991) 233 Cal.App.3d 561, 564 [284 Cal.Rptr. 617].)
The reviewing court should analyze the statute according to its plain meaning. If the meaning is not plain then the court must ascertain the legislative intent, the evils to be remedied, the legislative history, public policy and the statutory scheme of which the statute is a part. (People v. Woodhead (1987) 43 Cal.3d 1002, 1007 [239 Cal.Rptr. 656, 71 P.2d 154].)
“It is a settled aim of statutory construction that significance should be attributed to every word and phrase of a statute, and a construction making some words surplusage should be avoided. [Citations.] It is an equally settled axiom that when the drafters of a statute have employed a term in one place and omitted it in another, it should not be inferred where it has been excluded." (43 Cal.3d at p. 1010.)
In this case the meaning of the statute is clear; “referee” does not mean “commissioner." In 1872 the offices of referee and commissioner were set up in separate statutes. The statute, Penal Code section 166, subdivision *Supp 13 2, would clearly have indicated commissioner was included if that was the result intended.
Black’s Law Dictionary defines commissioners and referees quite differently, pointing out that referees “exercise judicial powers.’’[1] However, con-tempts against subordinate officers are usually contempts of the appointing court which has the power to punish. (Marcus v. Workmen’s Comp. Appeals Bd. (1973) 35 Cal.App.3d 598 [111 Cal.Rptr. 101].)
“While court commissioners and referees have been authorized in some jurisdictions to punish disobedience of their orders as contempts, it has been held that, in the absence of express authority, such officers have no such power [citations], . . . ^ . . . The power to punish for contempt is not included within the statutory powers and duties of court commissioners . . . .”(35 Cal.App.3d at p. 603, italics added.) (See also In re Horton (1991) 54 Cal.3d 82 [284 Cal.Rptr. 305, 813 P.2d 1335] review den. [distinguishes power of commissioner when acting as temporary judge by stipulation]; In re Mark L. (1983) 34 Cal.3d 171 [193 Cal.Rptr. 165, 666 P.2d 1335] [distinguishes procedures used to give power to juvenile referee which do not apply to court commissioner]. Cf. In re Estate of Hart (1938) 11 Cal.2d 89 [77 P.2d 1082] [party could not object on grounds that decision was made by a commissioner while acting as a referee].)
We must determine the meaning of the statute at the time of the enactment of Penal Code section 166, subdivision 2. Penal Code section 166 was enacted in 1872 when there were no infractions. Because this is a criminal statute it must be construed as favorably to the defendant as possible. (Keeler v. Superior Court (1970) 2 Cal.3d 619 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420].) “[T]he defendant is entitled to the benefit of every reasonable doubt as to the true interpretation of words or the construction of language used in a statute.” (Id. at p. 631.)
“In the case of a penal statute, it is the policy of this state to construe the statute as favorably to the defendant as its language and the circumstances of *Supp 14 its application permit.” (In re Nathaniel (1991) 228 Cal.App.3d 990, 1002 [279 Cal.Rptr. 236].)
In reading the plain language of the statute, and reviewing the history of that statute and of California’s law of contempt, this court has found no authority holding that Penal Code section 166, subdivision 2 applies to commissioners, and has not been led to any by respondent. Penal Code section 166, subdivision 2 was enacted in 1872 and has never been amended. It was taken verbatim from the Field Code section 201, which was also enacted in New York as New York Penal Law section 143. As late as 1935 the New York statute had not added the word commissioner.[2] Penal Code section 166 reads: “Every person guilty of any contempt of court, of either of the following kinds, is guilty of a misdemeanor: [fl] 1. Disorderly, contemptuous, or insolent behavior committed during the sitting of any court of justice, in immediate view and presence of the court, and directly tending to interrupt its proceedings or to impair the respect due to its authority; [][] 2. Behavior of the like character committed in the presence of any referee, while actually engaged in any trial or hearing, pursuant to the order of any court, or in the presence of any jury while actually sitting for the trial of a cause, or upon any inquest or other proceedings authorized by law . . . .” (Italics added.)
It was, of course, the latter provision of which the appellant was convicted. The annotation to section 166 of the 1872 California Penal Code states in pertinent part:
“Note. The power to proceed against persons for contempt is incident to every judicial tribunal, derived from its very constitution, without any express statutory aid. [Citations.]” (Code comrs. note fol. Ann. Pen. Code, § 166 (1st ed. 1872, Haymond & Burch, comrs.-annotators) p. 74.)
However, in 1872 there were no “infractions” or commissioners appointed only to hear “infractions.” Therefore, modem commissioners could not be “judicial tribunals” for the purposes of Penal Code section 166, subdivision 2.
*Supp 15 It is clear from Code of Civil Procedure sections 258 and 640, and from California law to date, that commissioners are not “judicial tribunals” who have contempt power without express statutory aid. (Marcus v. Workmen’s Comp. Board, supra, 35 Cal.App. 598].)
The New York Penal Law of 1864, section 201, is essentially identical to the California statute and is drawn from the same source, the Field Code (which, oddly enough, California adopted in its entirety and New York did not), and in its annotations or comments section states:
“Subd. 1,2, . . .are framed upon the existing provisions of 2 Rev. Stat., 278 section 10. Id., 692, section 14, modified to extend to all courts, instead of to courts of record only.
“Subd. 2, is designed to extend the principles embodied in subdivision 1, to embrace contempts committed before referees and sheriffs and other juries. This enlargement of the present rule is demanded by the extension of the practice of referring causes.” (N.Y. Pen. Law § 201 (1864).)
Again, the reference is to “referring causes” not to commissioners who have authority over infractions as in the case at bar. New York in 1872 had commissioners as well as referees and clearly omitted the word commissioner from their statute and the comments as well.
The contempt power of referees is well known in the legal literature.
“A referee is one to whom a cause pending in a court is referred by the court .... As special agents who carry out limited judicial functions . . . , their relation to the judiciary is direct and their claims for contempt powers are natural.... However, referees are not considered to have any inherent contempt powers. Their use of the power is usually conceded, but the source of their power is agreed upon as purely statutory.” (Goldfarb, The Contempt Power (1963) p. 115, fn omitted.) “Similar rules [enforcement of contempt by higher court] apply to coroners and commissioners. The contempt power is not often recognized with respect to these officials, and then only if it is specifically and limitedly granted by statute.” (Goldfarb, op. cit. supra, at p. 120, italics added.)
In California at the time Penal Code section 166, subdivision 2 was enacted (1872), commissioners were provided for under Code of Civil *Supp 16 Procedure sections 258 and 259.[3] Referees in 1872 were provided for under then Code of Civil Procedure section 640: “A reference may be ordered to any person or persons, not exceeding three, agreed upon by the parties . . . or the reference may be made to a Court Commissioner of the county where the cause is pending.” (Italics added.)
This 1872 statute clearly indicates that referee and commissioner were not considered synonymous.
Because in 1872 commissioners were empowered in Code of Civil Procedure sections 258 and 259 and referees in Code of Civil Procedure section 640, there was obviously a difference. As seen in the original Code of Civil Procedure section 640 above, if a reference was made to a court commissioner, then perhaps Penal Code section 166, subdivision 2 would apply to acts in front of a commissioner to whom a cause was referred by the order of a higher court (as required by Penal Code section 166, subdivision 2). In making its decision, this court notes and is bound by the decision of the Supreme Court in In re Edgar M. (1975) 14 Cal.3d 727 [122 Cal.Rptr. 574, 537 P.2d 406]. That case held that Code of Civil Procedure section 170.6, which referred to commissioners only, did not include a referee. “That section’s [Code of Civil Procedure section 170.6] disqualification may be used only against ‘the judge or court commissioner’.... The referee in the present case was acting as neither judge nor court commissioner . . . .”(14 Cal.3d at p. 732, fn. 5.)
Code of Civil Procedure section 170.6 was not made applicable to commissioners until 1967 (Stats. 1967, ch. 1602, §2, p.3832) and to referees until 1976, one year after In re Edgar M., supra, 14 Cal.3d 727. (See Stats. 1976, ch. 1071, § 1, p. 4815.) The corollary to the holding of Edgar M. must also be true, that a statute referring to referees does not include commissioners. If the Legislature intended Penal Code section 166, subdivi-' sion 2 ... to apply to commissioners they could have amended it as they have done with Code of Civil Procedure section 170.6.
The elements of the crime charged which must be proven to secure a conviction under Penal Code section 166, subdivision 2 are (1) contemptuous behavior, (2) in the presence of any referee, (3) while actually engaged *Supp 17 in any trial or hearing, and (4) pursuant to the finding of any court. Respondent has failed in its settled statement to show that any of these elements, let alone all of them, existed in the court below. Nor has the respondent given any authority for charging appellant with violation of Penal Code section 166, subdivision 2 or of the court’s authority for charging the jury that commissioners are the same as referees.
Respondent contends that interpreting Penal Code section 166 so as not to apply it to appellant would be absurd. It is true that the court should not construe a statute in a manner that would then lead to an absurd result. But, “absurd” does not mean the failure of this court to add the word commissioner to a statute from which it is excluded. “Absurd” means when a statute is obviously not construed in a reasonable and commonsense manner.
Respondent’s contentions ignore the issues of statutory construction of Penal Code section 166, and the history of the section and that of contempt in this state. These contentions having provided us no authority which would allow us to affirm, we reverse the conviction of appellant.
Petre, J., and Mock, J., concurred.

Definitions of commissioner and referee: “Court commissioner: A person appointed by a judge to take testimony and find facts or to carry out some specific function connected with a case, such as selling property which is the subject of a petition to partition. See also Commissioner; Court administrator; Magistrate; Master; Referee.” (Black’s Law Diet. (6th ed. 1990) p. 354, col. 1.) “Referee: A person to whom a cause pending in a court is referred by the court, to take testimony, hear the parties, and report thereon to the court. Person who is appointed by court to exercise certain judicial powers, to take testimony, to hear parties, and report his findings. [Department of Motor Vehicles v. Superior Court [271 Cal.App.2d 770]. He is an officer exercising judicial powers, and is an arm of the court for a specific purpose. Segal v. Jackson (1944) 183 Misc. 460 [48 N.Y.S.2d 877, 879]. Similar functions are performed by auditors, assessors, or masters (q.v.). See Fed.R.Civil P 53. See also Magistrate; Master; Reference." (Black’s Law Dict. (6th ed. 1990) p. 1280, col. 2.)

New York Penal Law section 143 became Penal Law section 600 in 1909 and by 1935 read: “A person who commits a contempt of court of any of the following kinds, is guilty of a misdemeanor: (A) Disorderly, contumacious or insolent behavior committed during the sitting of the court, in its immediate view and presence and directly tending to interrupt its proceedings or to impair the respect due to its authority. (B) Behavior of a like character, committed in the presence of a referee or referees, while actually engaged in a trial or hearing, pursuant to the order of the court, or in the presence of a jury, while actually sitting for a trial of a cause, or upon an inquest or other proceeding authorized by law. (C) Breach of the peace, noise or other disturbance directly tending to interrupt the proceedings of the court, jury or referee. (D) Wilful disobedience to the lawful process or other mandate of a court . . . .” (Swayzee, Contempt of Court in Labor Injection Cases (1963) p. 86.)

“The District Courts may appoint, for each county of their respective districts, a Commissioner, to be designated as ‘Court Commissioner’ of the county. If portions of a single county are assigned to different districts, then a Commissioner may be appointed to reside in each portion of the county thus assigned.” (Code Civ. Proc., former § 258. Repealed by Stats. 1953, ch. 206, § 7, p. 1341.)
“Every such commissioner has power: [fl] 1. To hear ... ex parte motions . . . 2. To take proof and report his conclusions thereon as to any matter of fact (other than an issue of fact raised in the pleadings), upon which information is required by the Court. . . 3. To take and approve bonds . . .” (Code Civ. Proc., former § 259.)