Jeffery v Fayetteville-Manlius Cent. Sch. Dist. (2023 NY Slip Op 06624)

Jeffery v Fayetteville-Manlius Cent. Sch. Dist.

2023 NY Slip Op 06624

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, NOWAK, AND DELCONTE, JJ.

826 CA 22-01943

[*1]KENT JEFFERY, PLAINTIFF-APPELLANT,
T
v
HE FAYETTEVILLE-MANLIUS CENTRAL SCHOOL DISTRICT, BOARD OF EDUCATION OF FAYETTEVILLE-MANLIUS CENTRAL SCHOOL DISTRICT, CRAIG J. TICE, SUPERINTENDENT OF FAYETTEVILLE-MANLIUS CENTRAL SCHOOL DISTRICT AND MARISSA JOY MIMS, VICE PRESIDENT OF THE BOARD OF EDUCATION OF THE FAYETTEVILLE-MANLIUS CENTRAL SCHOOL DISTRICT, DEFENDANTS-RESPONDENTS. 

D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (DONALD S. DIBENEDETTO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS THE FAYETTEVILLE-MANLIUS CENTRAL SCHOOL DISTRICT, BOARD OF EDUCATION OF FAYETTEVILLE-MANLIUS CENTRAL SCHOOL DISTRICT, AND CRAIG J. TICE, SUPERINTENDENT OF FAYETTEVILLE-MANLIUS CENTRAL SCHOOL DISTRICT.
HARRIS BEACH, PLLC, BUFFALO (ALLISON B. FIUT OF COUNSEL), FOR DEFENDANT-RESPONDENT MARISSA JOY MIMS, VICE PRESIDENT

 Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered June 9, 2022. The order granted the motions of defendants for summary judgment and dismissed the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action against defendants, Fayetteville-Manlius Central School District (district); Board of Education of Fayetteville-Manlius Central School District (school board); Craig J. Tice, the district's superintendent; and Marissa Joy Mims, the vice president of the school board, asserting a single cause of action for defamation. The amended complaint alleged, inter alia, that Tice defamed plaintiff when, in a workshop session prior to a September 2016 school board meeting, Tice told the assembled school board members that he had "intel . . . from a very reliable source that" plaintiff and his wife "bought their son [who had graduated from the district's high school in June 2016] a shotgun for graduation." The amended complaint further alleged that Tice did not respond when subsequently "asked by a school board member if he meant that the [p]laintiff had armed his son in preparation for an attack against the [s]chool [b]oard." Additionally, the amended complaint alleged that Mims responded to Tice's statement by telling the school board that she had "recently seen several posts about this situation . . . on the [district's] parent to parent website." Following discovery, Mims moved for summary judgment dismissing the amended complaint against her, and the other defendants filed a separate motion for summary judgment dismissing the amended complaint against them. Defendants contended in their motions, in relevant part, that the statements of Tice and Mims to the school board were covered by an absolute privilege. Supreme Court granted the motions, and plaintiff now appeals. We affirm.
"[I]t is well settled that government officials are absolutely immune for discretionary acts carried out in the course of official duties and that immunity attaches 'however erroneous or wrong [such conduct] may be, or however malicious even the motive which produced it' " (Crvelin v Board of Educ. of City Sch. Dist. of City of Niagara Falls, 144 AD3d 1649, 1650 [4th Dept 2016], quoting East Riv. Gas-Light Co. v Donnelly, 93 NY 557, 559 [1883]). The absolute privilege defense affords complete immunity from liability for defamation to " 'an official [who] is a principal executive of State or local government[,] or [who] is [otherwise] entrusted by law with administrative or executive policy-making responsibilities of considerable dimension' " (Clark v McGee, 49 NY2d 613, 617 [1980], quoting Stukuls v State of New York, 42 NY2d 272, 278 [1977]), "with respect to statements made during the discharge of those responsibilities about matters which come within the ambit of those duties" (Panek v Brantner, 217 AD3d 1567, 1568 [4th Dept 2023] [internal quotation marks omitted]; see Clark, 49 NY2d at 617). The first prong of the test to determine the applicability of the absolute privilege defense requires an examination of "the personal position or status of the speaker," and the second prong "requires an examination of the subject matter of the statement and the forum in which it is made in the light of the speaker's public duties" (Sindoni v Board of Educ. of Skaneateles Cent. Sch. Dist., 217 AD3d 1363, 1366 [4th Dept 2023] [internal quotation marks omitted]; see Doran v Cohalan, 125 AD2d 289, 291 [2d Dept 1986], lv dismissed 69 NY2d 984 [1987]).
Here, plaintiff does not dispute that Tice, as superintendent of the district, and Mims, as vice president of the school board, are government officials to whom the absolute privilege would apply, thus satisfying the first prong of the test (see Sindoni, 217 AD3d at 1366; Matter of Board of Educ. of City of Buffalo [Buffalo Council of Supervisors & Adm'rs], 52 AD2d 220, 228 [4th Dept 1976]). With respect to the second prong, the question presented is whether Tice and Mims were acting within the scope of their public duties when, as alleged in the amended complaint, Tice told the assembled school board members during a workshop session that plaintiff had purchased a firearm for his son, and Mims replied that she had seen social media posts commenting on the situation.
We conclude that, contrary to plaintiff's contention, defendants submitted undisputed evidence on their motions establishing as a matter of law that the statements of Tice and Mims were made during the course of the performance of their public duties. Specifically, the statements concerned rumors of a potential firearm-related threat to the safety of students, faculty, and board members and thus fell squarely within the scope of the duties and responsibilities of Tice and Mims as a school superintendent and a school board member, respectively. We reject plaintiff's contention that he submitted evidence creating a triable issue of fact whether the statements were false, or based upon rumors that Tice and Mims did not believe to be true, inasmuch as the absolute privilege defense affords complete immunity to defamation claims, regardless of their falsity or the speaker's state of mind or malicious intent (see Panek, 217 AD3d at 1568; Crvelin, 144 AD3d at 1650). Consequently, the statements were absolutely privileged, and the court therefore properly granted the motions on that basis. In light of our determination, we do not reach plaintiff's remaining contentions.
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court