A. C. WICKE MANUFACTURING COMPANY, Appellant, v. CHARLES DINKEL and FRIEDA DINKEL, Respondents, Impleaded with Others.— We are of opinion that the cooler was constructed with the consent of the owners of the fee, and was intended to and did become a fixture of the realty. The judgment is, therefore, reversed, and judgment directed for plaintiff, with appropriate findings as proposed by plaintiff, with costs. Blackmar, P. J., Rich, Kelly and Manning, JJ., concur; Jaycox, J., dissents and votes to affirm. Settle order on notice before Mr. Justice Rich.

JOHN F. BEATTY, Respondent, v. PEARL WHITE McCUTCHEON, Appellant, Impleaded with Another, Defendant.— Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The plaintiff is given twenty days in which to amend his complaint, on payment of costs. We are of opinion that the complaint does not state the facts constituting the cause of action. If negligence is a conclusion of fact, a cause of action may be stated by the use of that word alone; for we are admonished not to plead evidence (Civil Practice Act, § 241), and the ultimate fact should be pleaded. But negligence of a defendant is a violation of the duty which arises from certain stated facts, and, therefore, we think the defendant's acts should be pleaded from which the conclusion of negligence may be drawn. If the acts or omissions of the defendant are pleaded, then we think they may be characterized as negligent to give them the quality of actionable acts. In this case there is in the complaint no intimation of what it is proposed to prove the defendant did or omitted to do, and, therefore, the complaint is insufficient. The decision in *Robinson* v. *Ocean Steamship Co.* (162 App. Div. 169) is correct in its reasoning and conclusion, but that case refers to the question of contributory negligence which, as distinguished from the negligence of a defendant, is a conclusion of fact. Blackmar, P. J., Rich, Kelly, Jaycox and Manning, JJ., concur.

ANNIE BELKIN, Respondent, v. GENERAL LAUNDRIES COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs. Order denying motion to dismiss the case for failure to prosecute affirmed, with ten dollars costs and disbursements. No opinion. Present — Blackmar, P. J., Rich, Kelly, Jaycox and Manning, JJ.

THE CITY OF WHITE PLAINS, Appellant, v. SAM ELLIS, Defendant, Impleaded with UNITED STATES CASUALTY COMPANY and AMERICAN SURETY COMPANY OF NEW YORK, Respondents.— Judgment unanimously affirmed, with costs. No opinion. Present — Blackmar, P. J., Rich, Kelly, Jaycox and Manning, JJ.

CONRAD P. DARLING, Appellant, v. THOMAS B. SCOTT, Respondent.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Blackmar, P. J., Rich, Kelly, Jaycox and Manning, JJ.

GERARD GEARITY, an Infant, by JOHN GEARITY, His Guardian ad Litem, Respondent, v. WESTCOTT EXPRESS COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Blackmar, P. J., Rich, Kelly, Jaycox and Manning, JJ.