VILLAGE OF ATTICA, Plaintiff, *v.* CASSIUS C. DAY and Another, Defendants.

Supreme Court, Wyoming County, October 14, 1929.

*John Knight,* for the plaintiff.

*Stanley & Gidley [Arthur E. Otten* of counsel], for the defendants.

CHARLES B. WHEELER, Official Referee. Prior to the adoption of certain zoning ordinances by the village of Attica, the defendants had installed and operated a service station for the purpose of supplying gasoline to motor vehicles. The tanks containing

gasoline for this purpose had all been placed below the surface of the ground. This action, however, in no way relates to such tanks but to another later placed on the premises.

The village trustees later adopted certain zoning ordinances and the service station operated by the defendants fell within the so-called industrial district.

After the adoption of these zoning ordinances the defendants desired to erect and maintain on this property certain other storage gasoline tanks above ground. These tanks were to hold some 20,000 gallons of gasoline. The defendants addressed to the board of trustees of the village a written application to erect and maintain such tanks. Their application is dated March 28, 1929. This application was made in duplicate, and on that date was presented to the village clerk, and on the same date the village clerk signed and delivered to the defendants a written permit to install said tanks as requested. In this connection evidence was given that on the 7th day of January, 1929, the following resolution was passed by the board of trustees of the village, to wit: " Mr. Franz made a motion, seconded by Mr. Stroh, that the village clerk be the administration official charged with the enforcement of the zoning ordinance as provided by section 179-B of article VI-A of the village laws of the State of New York."

It was apparently on the strength and authority of this action by the board of trustees that the village clerk assumed to grant the permit. The duplicate petition and permit were filed as part of the records of the village. After obtaining the permit the defendants took steps looking to the erection and installation of the tank or tanks.

They obtained from the New York Central Railroad Company the right to lay a switch track along the side of their property. The track was laid and the defendants contributed toward the expense of its laying. They ordered from the manufacturer a 20,000-gallon tank at a cost of some $800. They constructed concrete foundations for the support of the tank at an expense of about $200. Later in May, 1929, the tank in question arrived on the side track ready to be put in place.

When it was seen what was proposed to be done certain property owners in the neighborhood raised objections to the erection of the tank, and saw members of the board of trustees in reference to it, and on July first the mayor of the village stated to defendants the erection of the tank was objectionable to the village officials. As a result the board of trustees on or about the 2d day of July, 1929, held a meeting at which the defendants appeared and offered to place the tank in question below ground. Nevertheless the

village board of trustees passed a resolution to the effect that no permits should be granted for the installation of storage tanks within the village of Attica, and formally denied the application of the defendants, and at once notified the defendants of its action. In the meantime, however, the tank had been taken off the car and placed on its supports on the defendants' property. Other things, however, remained to be done for its proper operation in receiving and discharging gasoline. Before these further steps were taken this action was begun to enjoin the defendants, the allegation of the complaint being the defendants had never obtained a permit to erect and maintain the tank or tanks.

The contention of the village is that the permit issued by the clerk of the village on March twenty-eighth was without right or authority and, therefore, void and conferred no rights on the defendants. The main question to be decided by the referee is, therefore, whether the clerk had such authority.

The resolution of the trustees of the village of July second apparently was passed on the theory the clerk had no such authority for it denied the defendants' application. It did not in form cancel or revoke the permit the clerk had granted. Nevertheless the referee is of the opinion it in substance amounted to an attempted revocation of the permit. If, however, the permit of the clerk was valid and made by authority the referee is of the opinion and holds the board of trustees had no right to revoke it.

The power and authority of a municipality to revoke permits once legally given was up for consideration and decided by the Court of Appeals in the case of *City of Buffalo* v. *Chadeayne* (134 N. Y. 163).

There the city of Buffalo had granted to Chadeayne a permit to erect frame dwellings within certain fire limits of the city. It afterwards revoked the permit, and sued Chadeayne to recover a penalty for the erection of the buildings.

The Court of Appeals held that where a valid permit had once been granted and the grantee had acted on it and incurred expense in reliance on the permit the permit became a vested right which the city had no power to revoke. To the same effect are the decisions in *People ex rel. Lodes* v. *Department of Health* (189 N. Y. 187, 196); *Hinman* v. *Clark* (121 App. Div. 105, 110); *N. Y. State Investing Co.* v. *Brady* (214 id. 592, 599); *Matter of Walker* (84 Misc. 118); *Fox* v. *Butler* (60 id. 484, 487).

If we assume the village clerk had the power and authority to issue to the defendants the permit of March twenty-eighth, then it follows the village board had no right to revoke or cancel it, for before the board took any official action denying the permit,

the defendants had in fact acted on the permit, and had done the things looking to the erection of the tank which we have detailed.

So we come back to the question whether the clerk had authority to grant the permit he did. By the resolution of the board passed January 7, 1929, the clerk was appointed " *the administrative official charged with the enforcement of the zoning ordinance as provided by section 179-B of article VI-A of the village laws of the State of New York.*"

Turning to this section we find it relates to " Board of Appeals " and among other things provides: " Such board of appeals shall hear and decide appeals from and review any order, requirement, decision or determination made by an administrative official charged with the enforcement of any ordinance adopted pursuant to this act. It shall also hear and decide all matters referred to it or upon which it is required to pass under any such ordinance."

It will be noted the statute just quoted does not in express terms define the duties or powers of " *an administrative official.*" It does not in express terms say such official shall have the right to grant or deny permits asked. We, however, are of the opinion that by necessary implication it recognizes that such an official shall have the right and authority to grant or deny applications under zoning ordinances. The section in question with all its subdivisions is a long one, but relates entirely to the appointment of a board of appeals by the village trustees, defines its powers and duties, and prescribes the procedure before the board of appeals. It is a board to review the action of other officials, and the statute provides the board " shall hear and decide appeals from and review any order, requirement, decision or determination made by an *administrative official* charged with the enforcement of any ordinance adopted pursuant to this act."

It recognizes such an appointee as " an administrative official." The section in its entirety practically relates to the powers of the appeal board in reviewing the granting or denial of building permits, and gives the board power to review, reverse or modify orders appealed from and declares the board " *shall have all the powers of the officer from whom the appeal is taken.*"

It is fair to assume that the Legislature intended, therefore, the " administrative official " under zoning ordinances should and did have the power and authority to grant or deny applications.

The statute nowhere mentions appeals from decisions of the board of village trustees. It is evident the Legislature anticipated the village trustees would delegate to others the duty in the first instance of passing on such applications. Certainly there is nothing in the statute forbidding such a delegation. This the village

trustees of Attica in fact did without any reservation on the power and authority of the village clerk. Reading the whole statute on zoning as contained in the Village Law, it is apparent the Legislature intended to confer upon the board of village trustees the power to divide the village into zones, to designate the character of structures permissible in each zone, prescribe permits for erections, but that the administration of such ordinances should be delegated to an official to be known as " *an administrative official*," which is just what the village board did in this case.

The statute provides for appeals from decisions of the " administrative official " and from no other appeal. If the Legislature had intended that permits or denial of permits should rest with the village board it would seem reasonable that in section 179-b of the Village Law (added by Laws of 1923, chap. 564, as amd. by Laws of 1927, chap. 650) it would have given the board of appeals the right to review the action of the village board. There is no such provision contained in the statute.

The rule of construction is well stated by the court in the case of *Salmon* v. *Rochester & Lake Ontario Water Co.* (120 Misc. 131, at p. 133) as follows: " The fundamental rule of statutory construction is, that to ascertain and give effect to the intention of the legislature, the act must be construed with reference to the object intended to be accomplished by it, and whatever is necessary or plainly implied is as much a part of it as that which is expressed. But a statute should not be extended beyond the fair and reasonable meaning of its terms. And ' the grant of a specific power or the imposition of a definite duty confers by implication authority to do whatever is necessary to execute the power or perform the duty.' (36 Cyc. 1113.)"

The zoning ordinance adopted by the village of Attica appears to be in harmony with the provisions of the Village Law of the State.

Among other things it is provided by section 7, subdivision 6, of the ordinance that " All provisions of these ordinances shall be enforced by the Trustees of the Village of Attica or *by such official as may be hereafter appointed by the Trustees of the Village of Attica* for the purpose of such enforcement. It shall be the duty of such enforcement official, if appointed and in the absence of such appointment, it shall be the duty of the Village Clerk to keep a record of all applications for permits and a record of all permits issued with a notation of all special conditions relating thereto. He shall file copies of all plans submitted, all of which records shall be available for use by the Board of Assessors of the Village of Attica."

By subdivision C of the same section, it is further provided: "No excavations for a building and no erection of any building, shall be commenced unless a permit therefor has been previously issued by the Board of Trustees *or other official authorized by the Board of Trustees to issue permits.*"

The referee can reach no other conclusion than that both the statute and the ordinance authorized the village board to delegate to its clerk as " an administrative official " the power and duty to grant building permits and that in granting the permit issued to the defendants he acted strictly within the authority delegated to him, and the permit must be deemed valid.

It is true the ordinance provides that "*no such permits shall be granted until after an inspection and the approval of the Trustees or their appointee.*"

The clerk upon receiving the defendants' application for permission to erect the tank in question stated that he was entirely familiar with the property and no further inspection was necessary. Of course, the purpose of this provision of the ordinance was to insure that the " administrative official " should know the location of the proposed erection, and it would be idle to require a visit to property where the official already knew all about it. In other words, we take it the required inspection might be made before as well as after the receipt of the application, and a prior inspection and knowledge would meet all the purposes of the ordinances.

There was no denial that the clerk stated to the defendants what is claimed was said, or that the clerk was ignorant of the location of the property. If the clerk was in any way derelict in performing his duty it was not the fault of the defendants and cannot be chargeable to them. If as we find the power to issue permits was delegated to the clerk the neglect of the clerk to do certain things required cannot be taken advantage of by the village to prejudice the defendants' rights.

The plaintiff contends that independent of the zoning ordinance the village, under the provisions of subdivision 58 of section 89 of the Village Law (as amd. by Laws of 1927, chap. 650), has and had the right to prohibit the erection of tanks for the storage of gasoline such as was contemplated by the defendants.

The section comes under the heading of " *General Powers of the Board of Trustees* " and subdivision 58 reads: " May prohibit, restrain, regulate and license the storage, sale or discharge of fire arms, fireworks and other explosives and the explosion of gun powder and gun cotton."

It is contended gasoline is an "*explosive,*" and, therefore, the village board of the plaintiff acted within its rights in the passage

of its resolution of July 2, 1929, declaring that no permits shall be granted for the installation of storage tanks for gasoline within the corporation limits of the village of Attica, N. Y.

The referee is of the opinion the village board may deny the issuing of permits for the storage of gasoline within the village limits. Under certain conditions, gasoline may be deemed an explosive, although under section 451 of the Labor Law (as amd. by Laws of 1922, chap. 421) it is declared the word " explosive " " does not mean gasoline, kerosene," etc.

But the question still remains whether after having once issued a valid permit by which a vested right has been created, as held in *City of Buffalo* v. *Chadeayne* (134 N. Y. 163), the village board may by subsequent action rescind the permit and deprive the defendants of the right once granted.

This the referee is of the opinion cannot be done.

A contention is made by the plaintiff that the permit was obtained by misrepresentation. We have considered the evidence and can find nothing in it which would justify so holding.

We reach the conclusion the plaintiff's action should be dismissed, with costs.

So ordered.