THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant, *v.* ALBERT A. VOLK, Respondent, Impleaded with CITY BANK FARMERS TRUST COMPANY, Acting as Trustee under Agreement Dated November 27, 1929, and Another, Defendants.*

First Department, March 3, 1939.

*James D. Ewing* of counsel [*Alexander & Green,* attorneys], for the appellant.

*Louis Salant* of counsel [*Eli S. Wolbarst* with him on the brief; *Stein & Salant,* attorneys], for the respondent.

GLENNON, J.   This action was brought to rescind and cancel the total and permanent disability provisions contained in a two-year term policy and the companion permanent policy issued by plaintiff on the life of the defendant Volk; to declare the disability provisions of both policies null, void and of no effect, and to declare the permanent policy lapsed for the non-payment of premiums erroneously waived by plaintiff.

---

* Revg. 169 Misc. 304.

The two-year term policy, No. X–7,696,500, bears the register date of July 15, 1929. It was issued in connection with the permanent policy No. 8,402,807 on the life of defendant Volk. It insured Volk " for the term of two years, or until the prior death of the Insured," and the company assumed, " during the aforesaid period the same liability in the event of the death or the total and permanent Disability of the Insured as is expressed as commencing coincidently with the expiration of this contract on the fifteenth day of July, Nineteen hundred and Thirty-one, under its permanent policy No. 8,402,807 to which this term policy has been attached."

It is quite apparent that the purpose on the part of the insured in procuring the two-year term policy was to obtain protection during that period of time at a low rate. The total premium which Volk had to pay under the term policy was at the rate of $1,928 per year, which included the premium for total and permanent disability, whereas the premium on the permanent life policy amounted to $5,062 annually, plus an additional premium of $118 annually, for the total and permanent disability provision.

The basis of plaintiff's complaint is that Volk made false representations in his application for the policies and that the company has the right to contest the disability provisions even though the period specified in the incontestability clauses has expired. This right is predicated upon a clause contained in the disability provision attached to the policies which provided that the incontestability clauses contained in the policies did not apply to the disability provisions.

Volk received his policies of insurance as one complete document and not piecemeal. The permanent policy was a contract consisting of four pages. The disability provision was added in the form of a rider, as page 2A. The term policy, Volk's application for insurance, together with a modification of the disability provisions, were all attached to the permanent policy.

There are four separate clauses in the entire contract relating to incontestability. In the term policy we find the following:

" THIS POLICY SHALL BE INCONTESTABLE after one year from its date of issue, provided premiums have been duly paid, subject to the provisions as to age herein contained."

Immediately thereafter in the same policy is the following provision:

" THERE ARE NO RESTRICTIONS under this policy, while in full force, on travel, residence, occupation, nor on military or naval service, except those relating to Disability as stated in the aforesaid permanent policy."

In the permanent policy the incontestability clause reads:

"INCONTESTABILITY AND FREEDOM OF TRAVEL, RESIDENCE AND OCCUPATION.

"This policy shall be (a) INCONTESTABLE after it has been in force during the lifetime of the Insured for a period of one year from its date of issue, provided premiums have been duly paid, and (b) FREE FROM RESTRICTIONS on travel, residence, occupation or military or naval service."

At the end of the permanent policy and below the signature of the president of the company there appears a rubber stamp indorsement over the signature of the assistant registrar which contains, among other things, a clause,

"2. That this policy shall be INCONTESTABLE as soon as the aforesaid Two Year Term Policy shall be incontestable."

In the last two clauses quoted no mention is made as to the disability provision which was a part of the policy and attached to it. However, the disability rider, page 2A, in so far as applicable, reads:

"The provisions of said policy with respect to Incontestability * * * shall not apply to this Disability provision."

Volk filed a claim for disability benefits on April 15, 1932, which was nine months after the term policy had expired and the permanent policy had come into effect. The plaintiff approved the claim and waived all premiums on the policy up to January 15, 1935.

For the purposes of this motion, which was made under rule 112 of the Rules of Civil Practice, the defendant Volk necessarily concedes the truth of the allegations contained in the complaint. They are, in substance, as follows: Prior to the institution of this action the plaintiff discovered that Volk had made false representations in his application for the policies. Immediately upon learning of the falsity of the statements and representations, the company notified Volk that it rescinded the total and permanent disability provisions contained in the policies and that it considered these provisions to be null and void and of no effect because of the false statements and representations. In addition thereto plaintiff demanded payment by Volk of all premiums which it had waived through error. At the same time it tendered to Volk all premiums, together with interest thereon, paid by him on account of the disability provisions. It should be noted that we are stripping the complaint of unnecessary verbiage for the purpose of briefly setting forth plaintiff's claim.

Defendant Volk concedes the right of the insurance company under section 101 of the Insurance Law to except the disability coverage from the incontestability clauses in the policies. He maintains, however, that any exception to the incontestability provisions of a policy must be embodied in the incontestability clause

itself, and, in effect, cannot be made the subject of a separate provision in a rider.

[We cannot agree with defendant Volk's contention. There is nothing in the Insurance Law which compels an insurance company to include all exceptions in the incontestability clause. Section 101 of the Insurance Law enumerates the matters which must be contained in a life insurance policy. Subdivision 2 of that section provides for " A provision that the policy shall be incontestable after it has been in force during the lifetime of the insured for a period of two years from its date of issue except for non-payment of premiums and except for violation of the conditions of the policy relating to military or naval service in time of war and at the option of the company provisions relative to benefits in the event of total and permanent disability and provisions which grant additional insurance specifically against death by accident may also be excepted."

It will be noted that the first clause in the above subdivision calls for an exception from incontestability in the event of " non-payment " of premiums or for a " violation " of the conditions of the policy relating to military or naval service in time of war. This provision under the wording of the statute must be contained in " a provision." The subdivision then proceeds to grant to the company the " option " of also excepting " provisions " relative to benefits in the event of total and permanent disability and other " provisions." In this case the company exercised its option by including the exception in the disability provision rider, which was attached to the policies, in consideration of the payment of an additional premium. The subdivision cannot be construed so as to compel the company to include all exceptions in the incontestability clause.

Further, subdivision 10 of section 101 of the Insurance Law provides for the use by an insurance company of applications, riders and indorsements when approved by the Superintendent of Insurance. In *Matter of Metropolitan Life Insurance Co.* v. *Conway* (252 N. Y. 449) Chief Judge CARDOZO wrote: " The Insurance Law of this State prescribes certain terms which must be embodied in every policy of life insurance, but does not otherwise limit the terms of the policy or of any rider to be attached to it except by the exaction that policy and rider shall be approved by the Superintendent of Insurance (Ins. Law, § 101)."

The disability provisions, as already mentioned, were issued in connection with and physically attached to the two policies of life insurance in the form of a rider. We must assume that the form of rider was approved by the Superintendent of Insurance, since

no claim to the contrary has been made. In the rider a provision is embodied in legible and understandable language that the disability benefits were excepted from the incontestability clause. One should look to the provisions of the rider to determine the disability coverage, the premium thereon and the rights of the insurer and the insured.

Defendant Volk makes a further point that the arrangement and form of the document issued to him is of such character as to make the plaintiff's reservation of the right to contest disability coverage ambiguous. If the reduced size photostatic copies contained in the record were our only guide, defendant Volk's contention might be worthy of consideration. However, on this appeal the original document, in which both policies as well as the application and disability provisions are contained, was submitted for our inspection. We find no ambiguity on the arrangement of the policies and riders. The incontestability clauses are clear and the exception of disability benefits from these clauses is plainly and unequivocally contained in the disability rider.

For the reasons stated the order and judgment appealed from should be reversed, with costs, and the motion denied.

MARTIN, P. J., TOWNLEY, UNTERMYER and COHN, JJ., concur.

Judgment and order unanimously reversed, with costs, and the motion denied.