BENJAMIN MALKIN et al., Respondents, v. SLOCUM REALTY CORP., Appellant. — Motion for leave to appeal to the Appellate Division denied, with $10 costs. Present — Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CARL KAMOVITZ, Appellant.— Motion to vacate order dismissing appeal granted. The appellant's time is enlarged to the March Term; appeal ordered to be placed on the calendar for Monday, March 11, 1946. Present — Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

FRED WOLPERT, Respondent, v. BERNARD MAGARAM, Appellant.— Motion for reargument of motion for leave to appeal to the Appellate Division denied, with $10 costs. Present — Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ. [See ante, p. 762.]

MEDWIN BENJAMIN, Doing Business under the Name of BENJAMIN'S FOR MOTORS, Respondent, v. ARUNDEL CORPORATION, Appellant.— In an action to recover damages for the breach of an alleged agreement for the purchase and sale of two Diesel engines, order denying defendant's motion, under rule 113 of the Rules of Civil Practice, to dismiss the complaint, reversed on the law and the facts, with $10 costs and disbursements, and the motion granted, with $10 costs. No relevant question of fact exists. A contract including the alleged oral terms may not be considered in view of the Statute of Frauds, which is now invoked by the appellant, even though not set out in its answer. " Technical defects in the pleading * * * are not available " to a party on an application under rule 113. The facts in the affidavits and record control; and if pleadings can be amended to include such facts or defenses they must be considered. The incompleteness of the pleading of the defenses herein (Statute of Frauds, for example) · is no bar to success now. (Curry v. Mackenzie, 239 N. Y. 267, 272.) Apart from this phase, the telegram confines itself to " LETTER JAN. 9 ", which excludes oral elements, and it introduces new elements such as, " FOB CARS ", etc. The formal order is tied in to the telegram by the statement: " Our formal purchase order will follow by mail ", so that the formal order relates to " LETTER JAN. 9 ". The formal order also introduces new terms; hence, neither the telegram nor the formal order is an acceptance and no contract in writing exists between the parties. Lewis, P. J., Hagarty, Carswell, Adel and Nolan, JJ., concur.

ELIZABETH R. DE BEIXEDON, Appellant, v. DANIEL F. DE BEIXEDON, Respondent.— In an action for divorce, order denying plaintiff's motion to examine the defendant husband before trial as to the extent of his income and disbursements, affirmed, without costs. No opinion. Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur. [See post, p. 810.]

DAVID DE FATTA, an Infant, by JOSEPH DE FATTA, His Guardian ad Litem, et al., Appellants, v. CITY OF NEW YORK, Respondent.— Action by infant plaintiff to recover damages for personal injuries, and by his father for expenses and loss of services, resulting from an accident in which the infant plaintiff, while roller skating on a public highway, was allegedly struck by defendant's trolley car. Judgment in favor of defendant, unanimously affirmed, with costs. No opinion. Present — Lewis, P. J., Hagarty, Carswell, Johnston and Nolan, JJ.