JESSIE QUINN, as Executrix of EVA DEJEWSKI, Deceased, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant.
ELIZABETH F. PECCE, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Special Term, Albany County, June 26, 1946.

*Carl O. Olson* for defendant.

*Anthony Coppola* for plaintiffs.

MURRAY, J. Defendant moves in each of the above actions for an order pursuant to rule 113 of the Rules of Civil Practice and section 476 of the Civil Practice Act for judgment dismissing the complaints upon the merits. The actions arise from refusal by defendant to pay permanent and total disability insurance under certificates of such insurance issued to Stanislaw Dejewski and James Fainelli on a group insurance policy No. 663G dated January 1, 1920, insuring employees of General Electric Company.

Annexed to and made part of the complaints are copies of such certificates. The premiums, except for additional insurance, were paid by the electric company.

In the *Quinn* action the certificate is dated January 1, 1920, and in the *Pecce* action it is dated November 16, 1925. The certificate in the *Pecce* action is captioned " The Light That Never Fails — Metropolitan Life Insurance Company ". Each certificate contains a clause in substance that if the employee be con-

sidered wholly and permanently disabled while employed before reaching the age of sixty years, either by accidental injury or disease, so as to be permanently, continuously and wholly prevented from performing any work for compensation or profit, the insured would be regarded as a claimant and six months thereafter the insurance company would pay the full amount of such insurance based on length of service, in monthly installments. Dejewski was insured for $1,500, having been employed for more than five years.

Annexed to the certificate of insurance of Dejewski is a letter from the President of the General Electric Company reading as follows:

" GENERAL ELECTRIC COMPANY
GENERAL OFFICE

Schenectady, N. Y.

To THE EMPLOYEE NAMED IN THIS CERTIFICATE:

It gives me pleasure to notify you that, having qualified by at least one year of continuous service with the Company, you are included in the Group Life Insurance plan authorized by the Board of Directors. This insurance is paid for by the Company, is granted to you without physical examination, and the sum to be paid to your beneficiary in the event of your death, based upon the length of your service is shown on the preceding page.

Continued service of the employee is recognized as of great value, and it is to encourage such service and to aid in relieving your mind from anxiety as to possible financial distress on the part of your family in case of your death, that the Directors have authorized the purchase of this insurance.

Cordially yours,

E. W. RICE, JR.,
President."

The group policy was amended January 1, 1926, by which employees were granted right to purchase " Additional Insurance ", the premiums for which to be paid by them.

Stanislaw Dejewski designated his wife, Eva Dejewski, beneficiary. He died in February, 1939. His wife died thereafter, and Jessie Quinn, daughter, was appointed by the Surrogate's Court of Schenectady County, March 21, 1944, executrix of her mother's last will and testament. She instituted this action, alleging Stanislaw Dejewski, while in the employ of the electric company, on or about the 16th day of January, 1921, and prior to his sixtieth birthday and while insured by defendant, became disabled as the result of accidental injury and disease as to be permanently, continuously and wholly prevented from pursuing

any and all gainful occupation. She maintains he was an illiterate man and by reason of such handicap, did not know the terms and conditions either in the group policy or in the certificate. Dejewski had been employed by the electric company for upwards of twenty years. She further claims defendant requested, received and had complete knowledge of the disability and the extent thereof of her father.

Elizabeth Fainelli, now Elizabeth Fainelli Pecce, also known as Alicia Fainelli is beneficiary on the Fainelli certificate. She alleges on or about the 7th day of March, 1926, James Fainelli, prior to his sixtieth birthday, became disabled as the result of disease and physical illness as to be permanently, continuously and wholly prevented from performing thereafter any work for compensation or profit.

Defendant admits issuance of the group policy, its amendment and the certificates of insurance. It denies the material allegations of the complaints and pleads affirmatively as separate defenses the Statute of Limitations, cancellation of the insurance, delay in making the claims as prejudicial to its rights and that the insured and the beneficiaries are guilty of laches.

In the *Quinn* action no insurance of any kind has been paid. Defendant paid the beneficiary, Alicia Fainelli, $1,500 after death of James Fainelli under the group policy, but has refused payment for total permanent disability. Alicia Fainelli Pecce asserts, under the terms of the certificate of insurance, she is entitled to an additional sum of $1,359.60, by reason of the fact that James Fainelli became totally and permanently disabled in the course of his employment, while the certificate of insurance was in full force and effect, prior to his sixtieth birthday. She asserts he was totally and permanently disabled as the result of illness contracted by him on the 7th of March, 1926. Fainelli died March 24, 1927. It is her claim he was insured under the group policy as amended January 1, 1926. She alleges James Fainelli purchased "Additional Insurance" which became effective January 1, 1926; that her insured was not chargeable with knowledge of the terms and conditions in the group policy issued in 1920, he never having seen it.

Dejewski was adjudicated February 21, 1924, permanently and totally disabled by the Industrial Board of the State of New York (now the Workmen's Compensation Board). Prior thereto he had been adjudged by the Industrial Board as suffering from permanent partial disability. After his death, defendant by letter notified the New York State Insurance Department as follows: "We are entirely willing to consider without prej-

udice any proof that Mrs. Dejewski may be able to submit and if it can be reasonably established that Mr. Dejewski did become totally and permanently disabled prior to July 21, 1921, we will honor the claim.''

June 8, 1940, Eva Dejewski submitted to and filed with defendant a memorandum of decision of the Industrial Board, also a comprehensive report of Dr. William Mehl of Buffalo, New York, as filed with the Industrial Commission; all with reference to an accident sustained by Mr. Dejewski April 22, 1920, during the course of his employment, with resultant consequences.

The opinion of Dr. Mehl is as follows:

'' The loss of vision for both eyes is the result of trachoma, only that in case of left (Injured) eye the loss has been made more severe as result of additional scarring caused by injury. This trachoma was in effect many years before date of accident. There is absolutely no question in my mind but what claimant, prior to accident, was depending upon the better eye — left (Injured) eye — for working vision. This having been lost as result of accident sustained April 22, 1920, made it necessary for him to depend upon his right eye, which was so much reduced in vision as to make it impossible, for him to follow his usual vocation. To my mind there is nothing complicated or peculiar about this case. Claimant lost his best or working eye as result of accident, and was unable to follow his usual work with his poor or uninjured eye. This uninjured eye having been reduced in vision as result of disease prior to accident. I believe claimant should be awarded total permanent disability for both eyes.

Sincerely yours,
WILLIAM MEHL ''

The decision of the Industrial Board of the State of New York is as follows:

'' It is hereby certified that the within decision is a true and correct copy of the original as filed with State Department of Labor

5/24/40          C. BRINK
Date        Examiner in Charge

' MEMORANDUM OF DECISION
Re: Case No. 595392
S. Dejewski vs. General Electric Co.

On February 21, 1924, an award was in this case for permanent total disability after permanent partial disability. The

permanent partial disability was the loss of sight of the claimant's injured eye. A finding was made that previous to his injury, the claimant had suffered the loss of vision of the other eye. The rate of compensation for such permanent total disability was fixed at $20.00 per week to be paid from the Special Fund. It has been called to my attention that at the time of this accident on April 22, 1920, the maximum for this class of disability was $15.00. The rate was not increased until July 1, 1920. The award of Feb. 21, 1924, is therefore amended to read: Permanent total disability at the rate of $15.00 per week, from October 1, 1922, to be paid from the Special Fund created by Sub-division 7, of Section 15.

JOHN D. HIGGINS,
Chairman, Industrial Board.' "

Dejewski was " laid off from lack of work " January 15, 1921. The report of the Industrial Board and the opinion of Dr. Mehl clearly indicate he became gradually a blind man by reason of injury and disease commencing April 22, 1920, and so remained until he died in 1939. Defendant cancelled the Dejewski insurance July 15, 1921.

Repudiation or rejection by defendant is inconceivable after request by it of proof of total and permanent disability suffered by Dejewski and its statement that it would honor the claim if it was shown that he was totally and permanently disabled. Dejewski was totally incapacitated prior to his sixtieth birthday by physical infirmities from performing any useful labor. He was blind and illiterate.

The letter of the president of the General Electric Company assuring Dejewski of its deep solicitude in his welfare and protection, and the close relationship between the electric company and defendant, are cogent facts when considered in their entirety, together with the reasonable inferences drawn therefrom. Under the circumstances, they lead fairly to the conclusion of application in the premises of the salutary principle of waiver. Reasonably fair questions of fact for determination by a jury are presented whether defendant, under the circumstances, did or did not waive requirements of formal, strict, exact proofs of loss and claim for total disability insurance. To hold otherwise by fiat or dogmatically is shocking. To so hold would place a very burdensome penalty on human distress, travail, suffering and on misplaced confidence, too great an emphasis on technical observance of the letter of the law, rather than a broad interpretation consonant with realities. Judicial

as well as common notice must be taken of impossibilities. Defendant has received at its request and has possession of the highest possible proof of total and permanent disability suffered by Dejewski while the insurance policy was in full force and effect.

Questions of fact are also presented whether defendant had constructive notice of Dejewski's condition, his physical inability to give the precise formal notice required by the terms of the group policy. Also, I believe, a jury question is presented whether the notice it requested and received many years after his death was or was not, under the circumstances, a sufficient compliance of the terms and conditions required by the certificate of insurance and group policy. Whether a waiver exists is usually a mixed question of law and fact. (*Oglesby* v. *Massachusetts Accident Co.*, 230 App. Div. 361; *Gerka* v. *Fidelity & Casualty Co.*, 251 N. Y. 51.) Waiver may be express or implied. (*Buchanan* v. *Exchange Fire Ins. Co.*, 61 N. Y. 26.) Rule 113 does not permit disposal of a lawsuit by summary judgment if a party has at least an arguable, meritorious claim. The burden is on the moving party to demonstrate there are no issues of fact to be tried. It is not the function of the Special Term to try such issues.

In the *Pecce* action, plaintiff, likewise, should be afforded a trial, a day in court, perhaps longer, of the issues of fact therein. Plaintiff's contention is that the insured James Fainelli and his beneficiary were " illiterate and humble immigrants ". The insured was an employee of the General Electric Company. He was insured under a group life policy dated January 1, 1920, for the sum of $1,500. So far as it appears, he never saw the policy. It was in the possession of his employer. He was handed a certificate of insurance. On or about November 16, 1925, he purchased additional insurance in the sum of $1,000. His employer, the General Electric Company, deducted the premiums for such additional insurance from his pay. In the certificate, if Fainelli either as the result of bodily injury or disease became disabled so as to be permanently, continuously and wholly prevented thereby from performing any work for compensation or profit, defendant would pay either to him or his beneficiary the sum of $1,000. By reason of sickness Fainelli last reported to work March 6, 1926. He died in the Ellis Hospital at Schenectady, New York, March 24, 1927. From the period of March 6, 1926, until his death, he was totally and permanently disabled and wholly prevented from performing any work for profit or pay. He was under sixty years of age.

Plaintiff, Elizabeth Fainelli Pecce, maintains there is no provision in the certificate of insurance as to the time within which proof of disability must be made by claimant. It is also her contention that neither the General Electric Company, his employer, or the defendant explained to Fainelli the terms of the policy nor any of the disability benefits, and that plaintiff had no knowledge of the disability benefits contained in the policy. Plaintiff, after the death of Fainelli, states through ignorance the certificate of insurance was destroyed. She maintains the employer had full knowledge of the physical condition and disability of Fainelli. That Fainelli received weekly benefits of $12 per week from the General Electric Mutual Benefit Association during 1926 and 1927, and there was also paid the sum of $200 by such association after he died. That none of such moneys would have been paid except for the fact that Fainelli was an employee of the General Electric Company and had been obliged to leave his employment by reason of sickness or accident. That unless he died by reason of the disability which caused him to leave his work no death benefit would be paid. The General Electric Company knew that Fainelli was out of work and obliged to leave his work due to illness. With such knowledge it cancelled the Fainelli insurance for total disability April 30, 1926.

By reason of the close relationship of the employer and defendant under the circumstances it would seem that defendant had notice of the disability of James Fainelli. There are many other facts and circumstances presented in the opposing affidavits which in my judgment require a trial of the issues. There is no necessity to mention all of them beyond saying that any delay in submitting proof of claims was inadvertent and due to ignorance of the exact terms of the policy.

Judgment on the pleadings pursuant to section 476 of the Civil Practice Act will not be granted where the situation calls for development of facts on the trial. (*Andrews* v. *City of New York*, 254 App. Div. 168.)

Defendant's motion in both of actions for summary judgment under a liberal and practical interpretation of rule 113 must be denied.

Submit order in accordance herewith.