FRANCIS H. BERTCH, Claimant, *v.* STATE OF NEW YORK, Defendant.

(Claim No. 28810.)

Court of Claims, October 4, 1948.

*Alan M. Hill* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Joseph Drago* of counsel), for defendant.

GORMAN, J.   The facts in this case are undisputed.   On October 24, 1947, two State police with a suspension order directed to F. D. Bertch, Webster, New York, by Clifford J. Fletcher, Commissioner of Motor Vehicles, visited claimant's place of employment in Webster, New York.   They informed him the order was issued because of an accident on March 14, 1947, at Rochester, New York.   Claimant denied that he was involved in any accident and stated his name was Francis H. Bertch, not F. D. Bertch, and that the order must be directed to his cousin, Frank Bertch, who also lived in the vicinity. The troopers compared the license number in the suspension order with claimant's chauffeur's license number and address and found them to be identical.   They then told him they were acting under orders and he must surrender his license, plates and registration.   These were returned to claimant and the suspension lifted on November 4, 1947.

Claimant has alleged and proven certain damages based upon the above facts.   The troopers were employees of the State and for damages caused by their negligence the State has waived its immunity (Court of Claims Act, § 8).   We do not think the troopers were negligent.   Concededly, they acted in good faith and without malice or personal offense.   In executing an order regular on its face and issued by an officer having apparent jurisdiction they will be protected, although in truth it was wrongfully issued and without authority.   We consider the criterion affording them such privilege for error to be reasonable belief predicated upon due diligence.   It was their duty to execute the order herein.   It was reasonable for them to rely upon its accuracy under the circumstances.   (See *Burt* v. *Smith,* 181 N. Y. 1; *Schultz* v. *Greenwood Cemetery,* 190 N. Y. 276; *Mudge* v. *State of New York,* 45 N. Y. S. 2d 896.)

Whether the order was erroneously issued by the Commissioner of Motor Vehicles does not satisfactorily appear.   In any event, he was acting pursuant to authority vested in him under subdivision (c) of section 94 of the Vehicle and Traffic Law and in a quasi-judicial capacity.   (See *Sands* v. *Fletcher,* 54 N. Y. S. 2d 449; *Matter of Goodwin* v. *Mealey,* 173 Misc. 169; *Haslam* v. *State of New York,* 167 Misc. 455.)   The State's waiver of immunity and assumption of liability has never been extended to redress individual wrongs which may have resulted

from an error in the exercise of judgment by such an officer in the performance of his duty. (See *Beaudrias* v. *State of New York,* 47 N. Y. S. 2d 509.) And compensation for any moral obligation against the State is beyond the present jurisdiction of this court.

At the close of the claimant's case the State moved for a dismissal of the claim upon the ground among others that claimant failed to prove a cause of action against the State. The motion is granted and an order may be submitted accordingly.