Henry A. Hudson, J.
The defendant herein moves for an order pursuant to rule 113 of the Buies of Civil Practice dismissing the plaintiff’s complaint and directing that summary-judgment be granted in favor of the defendant. The action arises from the refusal of the defendant to pay disability insurance under the terms of a policy issued to the plaintiff September 5, 1952, designated as policy number 210502, in and by which policy plaintiff was insured against loss of time and earnings, hospital, medical and nursing services on account of sickness, illness or disease during the life of the policy.
The plaintiff has alleg'ed the contract of insurance between the parties as set forth in defendant’s policy of health insurance, number 210502, by which it insured plaintiff against loss of time and earnings, hospital, medical and nursing services on account of sickness, illness or disease during the life of the policy in accordance with the terms of the policy. He further alleges: that on November 10,1953, while the policy was in full force and effect, he became ill from a bodily disease, arteriosclerosis, and was confined in the hospital and at his home for a period of six and a half months during which time he was totally unable to perform any of his duties in connection with his occupation and business in consequence of which he became entitled to receive from defendant under the terms of the policy $112.45 for hospital expenses, $450 for nursing services, $150 for medical treatment and $975 for monthly indemnity, a total of $1,687.45 duly demanded and yet unpaid; that he has duly performed all of the conditions of said policy; that on November 14, 1953, written notice of disability from disease was given to defendant and subsequently full proof of loss submitted to defendant in *67 accordance with the terms of the policy of insurance; that he has complied with all requirements of the policy with regard to the commencement of the action including submission of final proof of loss.
The defendant has filed an answer admitting the issuance of the policy, number 210502, to plaintiff in consideration of the payment by him of the premiums owed and denies every other material allegation of the complaint. As a separate and complete defense defendant sets up paragraph “ 3 ” of the general provisions of the policy relating to the giving of notice of any injury or sickness for which claim shall be made within 20 days and in paragraph “ 5 ” of the answer states: “ That plaintiff failed to give notice within 20 days as required therein and that by reason thereof plaintiff is estopped, precluded and barred from effecting any recovery and that defendant is under no obligation to plaintiff.”
As a second, separate and complete defense, defendant sets up paragraph “5” under general provisions of the policy relating to the furnishing of affirmative proof of loss to the company at its office within 90 days after the date of such loss, except that in the case of claim for loss of time for disability, written proof of such loss must be furnished within 30 days after the commencement of the period for Avhich the company is liable and subsequent Avritten proof of the continuance of such liability at such intervals as the company may reasonably require and in paragraph “ 8 ” states: “ That plaintiff failed to give notice to defendant as required in paragraph ‘ 5 ’ of the General Provisions and by reason thereof is estopped, precluded and barred from effecting any recovery and that defendant is under no obligation to plaintiff. ’ ’
As a third, separate and complete defense, defendant states the standard health and accident clause in paragraph “11” limiting the time Avithin which suit may be brought as prior to the expiration of 60 days after the filing of proof of loss, nor that any action may be brought unless within two years from the expiration of the time within which proof of loss is required and the allegation in paragraph “ 11 ” that plaintiff failed to bring the action within the time limit required in paragraph “ 11 ” and is estopped, precluded and barred from effecting any recovery and defendant is under no obligation to plaintiff.
On this motion the supporting affidavit is made by Marguerite G. Longua, secretary of the defendant, who states she is familiar Avith the facts involved in the action. It is stated to be an affidavit in support of the motion. However, nothing but conclusory statements are contained therein and for the most part *68 it simply realleges the claims of defendant as set np in its answer. No evidentiary facts whatever are presented although the precise dates claimed by defendant when plaintiff should have filed proofs of loss for disability benefits and for hospital and nursing expenses are set forth and the claim is made that the action was not brought within the time required by the insurance policy and that affiant has been advised by her attorney and believes that plaintiff does not have a meritorious cause of action in view of his failure to comply with the conditions of the policy. Nothing in the way of proof is submitted to contravene the allegations of the complaint. Such statements are mere conclusions without support.
The reply affidavit by plaintiff’s attorney discloses a defense of misrepresentation and conduct on the part of defendant in its negotiations for settlement with plaintiff in which it was necessary for plaintiff to invoke the aid of the Superintendent of Insurance of the State of New York during the year 1955. It is alleged, that plaintiff, relying upon the averred good faith of defendant and knowing that the Superintendent of Insurance would continue to assist in the settlement of the claims of plaintiff so long as an action was not commenced, held off the commencement of suit. That in a conversation with David Sarbone, assistant to the president of the insurance company, when Mr. Sarbone was reminded by plaintiff’s attorney on or about February 1, 1956 that very soon the question as to the Statute of Limitations for the commencement of an action would arise, replied that the claims would be settled on their merits and stated in the following words: “Don’t worry about that; we are a reliable company; we want an amicable settlement and we won’t rely on technicalities.”
Mr. Sarbone further stated that the only question remaining in his mind before settlement was whether or not plaintiff’s claim was one arising from an ailment of the respiratory tract, excludable under the policy. Further negotiations were conducted with the aid and assistance of the Superintendent of Insurance, who on February 17,1956 advised plaintiff’s attorney that the insurance company had advised it that a settlement had been agreed upon as to the indemnity portion of the claim and that further negotiations were being conducted concerning the medical portion of the claim. Copies of correspondence between the Superintendent of Insurance and plaintiff’s attorney attached to the reply affidavit of plaintiff’s attorney substantiate such allegations. A similar course of conduct between the parties went on through February 24, 1956 until March 5, 1956 when a *69 letter of that date was received by plaintiff’s attorney from David Sarbone, company representative, stating that the company was withdrawing the offer of $975. It will be noted that the defendant insurance company, with knowledge of all the facts, continued to negotiate a settlement of the claims after its claimed date, December 18,1953, for the filing of proof of loss for disability benefits and proof of loss for hospital and nursing expenses, February 10, 1954, and for the commencement of any action thereon, December 18, 1955, for disability benefits and February 10, 1956 for hospital and nursing services. Proof of loss as to nursing services was submitted on February 24, 1956, at the express request of defendant, and dealt with the continuing disability of plaintiff for the period claimed and as such constituted “ subsequent written proof of the continuance of such disability * * * at such intervals as the company may require ” within the language of section “ 5 ” of the policy, and it is contended by plaintiff that the Statute of Limitations would not begin to run until all required proof of loss was complete, and accordingly the suit was brought well within the two-year period from the final proof of loss requested by the company and submitted by plaintiff on February 24,1956.
A second affidavit in reply to the defense of plaintiff, has been submitted by Sidney Gaines, attorney for the defendant, in which no evidentiary proof is offered. The affidavit contains merely statements of ultimate rather than evidentiary facts and it has been held that mere generalities will not suffice, that an evidentiary showing is indispensable. (Suss v. Durable Knit Corp., 4 Misc 2d 666; Anderson v. City of New York, 258 App. Div. 588.) It is further alleged in this affidavit that plaintiff, having pleaded due performance, cannot now be permitted to claim he did not duly perform.
It appears to the court that defendant’s attorney has become somewhat confused as to the function of summary judgment. The purpose of rule 113 is primarily to determine whether there is a triable issue and the existence of triable issues of fact is not established merely by the allegations of the complaint. The plaintiff may defeat defendant’s motion by marshaling his proof in his reply affidavit. (Pribyl v. Van Loan & Co., 261 App. Div. 503.)
The function of summary judgment is to deal with issues and get at the real substance of the facts. (Tripp on Motion Practice [Rev. ed.], § 94, p. 277.)
A motion under rule 113 is not directed to the pleadings. It deals only with the question whether there are triable issues *70 of fact in the case. The moving party can prevail only if he has a good pleading supported by evidentiary facts to support the allegations of his pleading. That same rule does not apply to the pleadings of his adversary. He may not take advantage of defects, technical or substantial. He may not claim that Ms pleadings are insufficient in law or that there is a variance between the pleadings and the facts set up in the opposing affidavit. The question is whether, regardless of his pleadings, he has set up evidentiary facts sufficient to entitle him to a trial and to defeat the motion. His defective pleading may later be amended. (Shientag on Summary Judgment, pp. 53, 64; Curry v. Mackenzie, 239 N. Y. 267, 272; Biloz v. Tioga County Patrons’ Fire Relief Assn., 21 N. Y. S. 2d 643, affd. 260 App. Div. 976; Benjamin v. Arundel Corp., 270 App. Div. 766.) Issue-finding rather than issue-determining is the key to the procedure. (Esteve v. Abad, 271 App. Div. 725.)
The question here presented then, is whether by his reply affidavit, regardless of the state of his pleadings, plaintiff has set up evidentiary facts sufficient to entitle him to a trial so that an opportunity will be afforded to raise and have determined all questions affecting his interest in the subject matter of the litigation. (Civ. Prac. Act, § 105; Biloz v. Tioga County Patrons’ Fire Relief Assn., supra, affd. 260 App. Div. 976.) The remedy by summary judgment under rule 113 is to be administered in furtherance of justice. (Curry v. MacKenzie, supra.)
It appears to the court that there is a question of fact to be determined relative to the waiver claimed by plaintiff against defendant in his affidavit in opposition to the motion, although unpleaded in his complaint, by reason of defendant’s course of conduct pursued throughout the long and protracted negotiations. As was stated in Kiernan v. Dutchess County Mut. Ins. Co. (150 N. Y. 190, 195): “While express waiver rests upon intention, and estoppel upon misleading conduct, implied waiver may rest upon either, for it exists when there is an intention to waive unexpressed, but clearly to be inferred from circumstances, or when there is no such intention in fact, but the conduct of the insurer has misled the insured into acting on a reasonable belief that the company has waived some provision of the policy. ” (Gray v. Prudential Life Ins. Co., 46 N. Y. S. 2d 850.)
Whether a waiver exists is usually a mixed question of law and fact. (Quinn v. Metropolitan Life Ins. Co., 187 Misc. 629; Oglesby v. Massachusetts Acc. Co., 230 App. Div. 361; Gerka v. Fidelity & Cas. Co., 251 N. Y. 51.)
*71 Bule 113 does not permit disposal of a lawsuit by summary judgment if a party has at least an arguable, meritorious claim. The burden is on the moving party to demonstrate there are no issues of fact to be tried. It is not the function of Special Term to try such issues. (Quinn v. Metropolitan Life Ins. Co., 187 Misc. 629, supra.) The defendant has not met such burden. Plaintiff by his reply affidavit has abundantly established his right to a trial of the issues including the issue of waiver. An amendment of his complaint to include waiver may be made by plaintiff if he so desires, within 20 days after the service upon defendant of a copy of an order in accordance with this decision.
Motion is denied, with $10 costs awarded to plaintiff.