James D. Hopkins, J.
Defendant’s motion for judgment on the pleadings cuts deep into the principles of municipal law. In brief, the plaintiff alleges in his complaint, which for the purpose of this motion must be considered true (Equitable Life Assur. Soc. v. Volk, 256 App. Div. 348; Chadburn v. K. Industrial Corp., 255 App. Div. 789), and given the benefit of every inference (Harrison v. Winchell, 207 Misc. 275), that he applied to the Building Inspector of the defendant for a permit to perform certain work; that such a permit was issued by the Building Inspector; that on the strength of such permit the plaintiff entered into such work and incurred certain liabilities; that thereafter the Building Inspector revoked the permit; that the defendant is responsible to the plaintiff for his damages suffered by reason of the negligence of the Building Inspector in issuing the permit. As an alternative ground of liability, the plaintiff claimed in the oral argument in opposition to the motion that the Village Board of Trustees was guilty of negligence in appointing the Building Inspector in that he was an incompetent person to discharge the duties of that position. Although this claim is not alleged in the complaint, it does appear in the notice originally served on the defendant.
At common law the State and its subdivisions enjoyed immunity from suit for the misfeasance of its officers and employees in the performance of governmental functions (Augustine v. Town of Brant, 249 N. Y. 198, 204-205). The granting or refusal of permit was held to be a governmental act, and hence not actionable against the municipality (see Anns. 37 A. L. R. 2d 694; 55 A. L. R. 434). The results of this doctrine were subjected to severe criticism (Edwin M. Borchard, Government Liability in Tort, 34 Yale L. J. 1,129, 229; 36 Yale L. J. 1, 757,1039), and in 1929 the State waived its immunity from liability for the torts of State officers and employees (former Court of Claims *864 Act, § 12-a). In 1939 the waiver was amended and expanded (Court of Claims Act, § 8). The loss of immunity by the State was then said to extend to all its subdivisions. (Holmes v. County of Erie, 178 Misc. 46, affd. 266 App Div. 220, affd. 291 N. Y. 798); Bernardine v. City of New York, 294 N. Y. 361).
' At the present time, therefore, a village, like other municipal corporations, is held to the same standard of liability as an ordinary citizen (Becker v. City of New York, 2 N Y 2d 226, 235-236; Steitz v. City of Beacon, 295 N. Y. 51, 54), and the rule of respondeat superior applies to it as well as to the State (Runkel v. City of New York, 282 App. Div. 173, 178). The limits of this standard have not been clearly established, however, and certain inherent difficulties in the application of the rule are perceptible. In the execution of governmental functions there are acts performed which have a plain parallel or similarity to acts performed by ordinary citizens for which liability habitually follows, if done by employees in a negligent manner, such as the operation of a motor vehicle, or the maintenance of property. Here, the usual rules applicable to actions based on negligence may be imposed without variation against municipalities.
That does not hold true where the negligence claimed involves an act which the ordinary citizen would not be called upon to perform, such as the issuance of a building permit, as in the present case. Here, the governmental act itself is concerned, rather than the means of carrying out the function, as in the instances of the operation of an automobile, or the maintenance of property. Grave doubt has consequently been expressed as to whether the imposition of liability in cases involving the exercise of judgment or discretion in an executive or administrative capacity might not have an adverse effect upon a fair and prompt determination by the officer or employee claimed to have made the mistake (cf. 2 Harper and James, Law of Torts, pp. 1638-1642). Judge Learned Hand has said that liability under such circumstances “ would dampen the ardor of all but the most resolute, or the most irresponsible, in the unflinching discharge of their duties ” Gregoire v. Biddle, 177 F. 2d 579, 581).
Thus, it has been uniformly held that the State or a municipality will not be responsible for the tortious acts of a judge in the performance of his duties (Koeppe v. City of Hudson, 276 App. Div. 443; Jameison v. State of New York, 4 Misc 2d 326; Schildhaus v. City of New York, 7 Misc 2d 859). The same exception to liability has been enforced in other cases concerning the exercise of a quasi-judicial function (Beaudrias v. State *865 of New York, 47 N. Y. S. 2d 509 — alleged error in delay in paying claim by State Comptroller; Bertch v. State of New York, 193 Misc. 259 — alleged error in suspending chauffeur’s license by State Commissioner of Motor Vehicles; McCauslan v. City of New York, 183 Misc. 954 — alleged error in decision of Building Superintendent in directing removal of shed; Meadows v. Village of Mineola, 190 Misc. 815 — alleged error in issuance of certificate of occupancy).
The granting of a permit is clearly a governmental function (Oeters v. City of New York, 270 N. Y. 364, 368; cf. Nehrbas v. Incorporated Vil. of Lloyd Harbor, 2 N Y 2d 190, 195), requiring the exercise of judgment of a quasi-judicial nature (Village of Attica v. Day, 134 Misc. 882, affd. 230 App. Div. 776; Matter of Brooklyn Parking Corp. v. Cannella, 193 Misc. 811). There is a recognition of that quality of the decision made by a Building Inspector in issuing permits by the statutory provision mandating the appointment of a Zoning Board of Appeals (Village Law, § 179-b), and often his action must necessarily entail the interpretation of the zoning ordinance (cf. Matter of Flanagan v. Zoning Bd. of Appeals, 2 Misc 2d 922, affd. 1 A D 2d 979; Matter of Werner v. Kasotsky, 158 N. Y. S. 2d 106).
The defendant may not consequently be held liable for the alleged negligence of its Building Inspector in issuing the permit. The question of the defendant’s liability for the alleged negligence of its Board of Trustees in appointing an incompetent Building Inspector remains. The parallel act of an ordinary citizen who employs an incompetent servant would constitute actionable negligence, if the incompetency was or should have been known by the master (Grant v. Knepper, 245 N. Y. 158; Vanderhule v. Berinstein, 285 App. Div. 290). The same responsibility has been applied to municipal corporations (McCrink v. City of New York, 296 N. Y. 99; cf. Garber v. Central School Dist. No. 1, 251 App. Div. 214). Even though the appointment of an officer or employee may involve an executive act (Matter of Bergerman v. Wagner, 2 A D 2d 398, affd. 2 N Y 2d 908), for which the trustees would not be personally liable, since their action was discretionary in character (cf. King v. Chapin, 40 Hun 637; Segal v. Jackson, 183 Misc. 460), under the rule of respondeat superior, the immunity of the servant to suit does not shield the master (Schubert v. Schubert Wagon Co., 249 N. Y. 253; Milone v. Bono, 8 Misc 2d 826).
The complaint is silent as to this claim of negligence, however, and the plaintiff relies on his statement in his notice to the defendant attached to the complaint. The defendant is entitled to a plain and concise statement in the complaint as to *866 the facts upon which the plaintiff depends (Civ. Prac. Act, § 241), and the defendant should not be required to speculate as to the exact claim made by the plaintiff (Beatty v. McCutcheon, 200 App. Div. 869; Weisberg v. Brogan, 208 Misc. 524; cf. North Amer. Wines Corp. v. Wine Growers Guild, 283 App. Div. 693).
The defendant’s motion for judgment on the pleadings is, therefore, granted, with leave to the plaintiff to serve an amended complaint, if so advised.
Necessarily, on this motion, the questions of plaintiff’s contributory negligence, the proximate cause of plaintiff’s damage, or the right of the plaintiff to recovery distinct from the right of the owner of the property involved, cannot be considered, but must await the trial where the facts may be ascertained (Rules Civ. Prac., rule 112; Matter of Provisero, 281 App. Div. 844; Quinn v. Metropolitan Life Ins. Co., 187 Misc. 629).
Settle order on notice.