■ WALTER HAEGER, Respondent, v. HAROLD SLOTE et al., Appellants.— In an action by a real estate broker to recover the commission allegedly earned by him in producing a purchaser who entered into a written agreement with defendants for the purchase of their real property — such agreement being later cancelled by defendants, the defendants appeal: (1) from an order of the Supreme Court, Westchester County, entered January 24, 1964, which denied their motion to dismiss the complaint on the ground that it fails to state a cause of action (CPLR 3211, subd. [a], par. 7); (2) from an order of said court, entered March 25, 1964, which granted plaintiff's motion for summary judgment (CPLR 3212); and (3) from the judgment of said court, entered March 25, 1964, in favor of the plaintiff pursuant to the order granting summary judgment. Order denying defendants' motion to dismiss complaint affirmed, without costs. Order granting plaintiff's motion for summary judgment, and judgment entered thereon, reversed, without costs, and motion denied. In our opinion, this record raises issues of fact which should be resolved by a plenary trial. *Inter alia,* such issues are: (1) whether the parties agreed and understood, as claimed by the defendants, that plaintiff's commission was to be payable only if and when the purchaser (one Weston) produced by the plaintiff, thereafter entered into a formal contract, prepared or approved by defendants' attorneys, for the purchase of the defendants' property; and (2) whether plaintiff, as agent for the defendants, breached his fiduciary duty to them and was guilty of fraud by misleading defendants into the belief that the written agreement, which was signed by them and by Weston (the proposed purchaser) and which bears in large bold print the caption " Offer to Purchase," was nothing more than Weston's offer to buy their property or their grant to him of an option to buy — such option to be later exercised by the signing of a formal contract (see 1 Harper & James, Law of Torts, § 7.8, p. 561; 37 C. J. S., Fraud, § 10; *Curry* v. *MacKenzie,* 239 N. Y. 267; *Marturano* v. *American Progressive Health Ins. Co.,* 13 Misc 2d 65, 70). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.